## SMITH *v.* SMITH.

1. In the trial of an action for divorce, brought by a husband against his wife on the ground of alleged cruel treatment, it is not error to reject evidence that she constantly quarrelled with, abused, and insulted her husband, and, by slandering him to her neighbors, injuriously affected his practice as a physician, and that she also spoke insultingly and abusively of his children and a former wife, their mother.
2. Nor is it error in the trial of such a case to reject evidence that the wife was an habitual user of morphine and almost all of the time under its intoxicating influence.
3. A juror is not disqualified by reason of the fact that he is the brother of the wife of defendant's brother, who actively assisted in the defense of the divorce suit.
4. The evidence amply warranted the jury's finding, and there was no abuse of discretion in denying a new trial.

Submitted November 24, — Decided December 12, 1903.

Libel for divorce.  Before Judge Reagan.  Upson superior court. July 28, 1903.

*J. Y. Allen,* for plaintiff.

COBB, J.  Smith filed a petition praying for a total divorce from his wife, on the ground of cruel treatment.  She answered, denying the material allegations of the petition, and praying that a divorce be denied plaintiff but granted to her on the same ground as that upon which the plaintiff's petition was based.  The jury

returned a verdict finding that neither party was entitled to a divorce. The wife acquiesced in the verdict, but the husband filed a motion for a new trial, which was overruled, and he brought the case to this court.

1. The great majority of the grounds of the motion complain of the rejection of evidence to the effect that the wife constantly quarrelled with, abused, and insulted her husband, and, by slandering him to her neighbors, injuriously affected his practice as a physician, and also spoke insultingly and abusively of his children and his first wife, their mother. In *Ring* v. *Ring*, 118 *Ga.* 183, it was ruled that cruel treatment to be a ground for divorce "is the willful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb, or health." Under the operation of this wholesome rule, none of the evidence rejected would have authorized the granting of a divorce to the plaintiff. All of the evidence rejected was irrelevant and inadmissible.

2. Complaint is also made that the court rejected evidence to the effect that the wife was an "habitual morphine eater and almost all of the time under its intoxicating influence." In *Ring* v. *Ring*, supra, it was expressly ruled that the habitual and intemperate use of morphine would not alone constitute such cruel treatment as to authorize a divorce on that ground. It was therefore entirely proper to reject this evidence, as it furnished no ground for a divorce and could only prejudice the defendant before the jury.

3. A new trial was also asked on the ground that one of the jurors was the brother of the wife of defendant's brother, who actively assisted in the defense. This did not disqualify the juror. *Central Railroad Co.* v. *Roberts*, 91 *Ga.* 513 ; *Keener* v. *State*, 97 *Ga.* 388.

4. The finding of the jury was amply supported by the evidence, and there was no abuse of discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur.*