*J. H. Paschall,* for plaintiffs. *Roscoe Pickett,* for defendants.

## VINING *v.* BANKERS COMMERCIAL SECURITY CO.

No. 10842.   OCTOBER 17, 1935.   REHEARING DENIED JANUARY 18, 1936.

*R. J. Bacon,* for plaintiff.

*Menard B. Peacock* and *Lewis A. Peacock,* for defendant.

GILBERT, Justice. J. H. Vining filed an equitable petition against Bankers Commercial Securities Company, a corporation domiciled in the State of New York, alleging that he purchased a radio from the Music and Electric Company, for which he executed his note in the sum of $143.10, on which he paid $62.02; that subsequently to such payment the Bankers Commercial Securities Company, as transferee of said note, sued out an attachment against Vining in the justice court of DeLacey Allen, in which a judgment in rem was rendered, and the radio was sold, it having been purchased by Vining under a title-retention contract; that thereafter a garnishment was sued out, returnable to the justice court of George L. Sabados, and in that court Vining filed a defense of illegality, and the Bankers Commercial Securities Company dismissed the garnishment proceedings and thereupon filed in said court a suit on the note which had been executed by Vining. The equitable petition seeks to enjoin the suit on the note, and to obtain judgment against Bankers Commercial Securities Company for damages, based upon allegations, in substance, that the litigation described above caused Vining an expense of $5, which was paid to his employer's lawyer in making answer to the garnishment, $10 paid to his own lawyer for representing him in setting up the defense of illegality, $5 for loss of time in preparing his defense and in attending court. He prays also for $1000 as general, punitive, and exemplary damages. He alleges that the justice court of Sabados has not jurisdiction of the equitable petition; that he has no adequate remedy at law;

that the failure to settle all questions in the petition would result in a multiplicity of suits; and that the non-residence of the Bankers Commercial Securities Company entitles him to maintain his suit in equity to recoup said damages for "tort and injury." He prays that the suit on the note and the garnishment in the justice's court be restrained and enjoined, and that he recover damages and have recoupment; and for general relief. The Bankers Commercial Securities Company filed a demurrer on the grounds that the petition sets forth no cause of action, legal or equitable; that it contains no ground for equitable jurisdiction; and that it shows on its face that the court has no jurisdiction of the person of the defendant. The demurrer was sustained, and the petitioner excepted. Special demurrers were not passed upon.

1. The relief prayed was not as to matters included in the pending suit on the note, and the court did not err in sustaining the general demurrer and dismissing the petition. *Crawley* v. *Barge,* 132 *Ga.* 96 (2) (63 S. E. 819). See *Askew* v. *Bassett Furniture Co.,* 172 *Ga.* 700 (158 S. E. 577).

2. The demurrer was also properly sustained because the petitioner did not deny that the balance claimed on the note was due and unpaid, and did not offer to pay it, and did not allege any facts showing that the Bankers Commercial Securities Company, in having the garnishment returned to the wrong justice's court or in doing anything in connection with the attachment proceeding or suit on the note, acted maliciously or damaged the petitioner in any manner which would entitle him to equitable relief.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent.*

*The motion for rehearing is denied. All the Justices concur, except Russell, C. J., who dissents.*