RAMEY *v.* McCOY.

Nos. 11443, 11470. December 1, 1936.

*Robert McMillan,* for plaintiff.

*Bynum & Frankum,* for defendant.

Atkinson, Justice. ■ R. C. Ramey filed an action against Mrs. Ada McCoy, alleging substantially the following: Mrs. McCoy obtained a judgment for $5000 against Ramey at the August term, 1935, of Rabun superior court, in a mortgage-foreclosure suit. Immediately thereafter Ramey obtained against Mrs. McCoy an order restraining her from proceeding with her judgment, and from advertising and selling the property, until the petition for injunction could be heard. Mrs. McCoy could not be served with this petition, as she could not be found within the jurisdiction of the court; but the sheriff was duly served. Immediately after Mrs. McCoy obtained her judgment she proceeded forthwith at the very next issue of the county paper, by her counsel, to advertise the property for sale, by using the following device and trick to get the advertisement in the Clayton Tribune, the county paper: The defendant and her counsel W. L. McCoy went to the office of the Clayton Tribune, and told the editor that they wanted to see the paper which carried a previous advertisement of the property. The previous advertisement having been secured, the defendant and her attorney then and there, without the consent of the sheriff, proceeded to make whatever change was necessary to bring the advertisement up to the final judgment, and did turn the same over to the editor of the paper, paid the cost of the advertisement for one week's issue, and instructed the editor to put the same in his paper, which he did, not knowing that the same was not authorized by the sheriff. Immediately upon the matter being called to the attention of the sheriff he ordered the advertisement to cease, and the matter was taken out of the paper. Ramey alleged

that the advertising was done on the part of Mrs. McCoy, solely for the purpose of injuring and damaging him, as she well knew or had reasonable grounds to suspect that she could not sell said property until said injunction had been disposed of, although she had not been served; that she paid for only one issue, and did not offer to keep the advertisement going by paying further; that the unauthorized advertisement injured and damaged his good name, his reputation and standing in the county in which he resided and was reared, in the sum of $10,000; and that Mrs. McCoy was a nonresident of the State. He, Ramey, prayed that the sheriff be made a party defendant and be served with the petition, and that he and Mrs. McCoy be enjoined from further advertising said property, or otherwise undertaking to execute the judgment; that petitioner have judgment against Mrs. McCoy, for the excess in the amount of his judgment against hers, and that said judgment, when obtained, be set off against her judgment, and that a temporary restraining order be granted, restraining the defendant and sheriff from further proceeding with the judgment until further order of the court. The court granted a temporary restraining order.

The defendant filed a demurrer on the grounds that the petition did not state a cause of action for equitable relief, or for damages; that there was no defendant resident in Rabun County against whom substantial relief was prayed, and the court had no jurisdiction; and that the plaintiff had a remedy by illegality if the execution was illegally proceeding, and by attachment if he sought damages. The defendant specially demurred on the ground that it was not shown how the reputation and standing of the plaintiff was injured, and that there was no allegation in the petition which disclosed that the defendant illegally proceeded in any manner to advertise the property in a way to be injurious or harmful to the plaintiff. The court did not err in sustaining the demurrer and dismissing the action. The case of *Vining* v. *Bankers Commercial Security Co.*, 181 *Ga.* 556 (183 S. E. 494), is in many respects similar to the instant case. Vining sought to enjoin a proceeding on a note, with garnishment, in a justice's court, and for recoupment of damages sustained in resisting that suit. Vining filed an equitable petition against Bankers Commercial Securities Company, a corporation domiciled in the State of New York, which held an unsatisfied note. The corporation sued out a gar-

nishment against Vining, to which Vining filed a defense of illegality, and the corporation dismissed the garnishment, and then filed a suit on the note against Vining. The equitable petition sought to enjoin the suit on the note, and to obtain judgment against the corporation for damages, on the ground that the litigation wherein the illegality was sustained cost him $5 in paying the employer's lawyer in answering the garnishment, $10 to his own lawyer for representing him, and $5 for loss of time in preparing his defense; and he prayed for $1000 as general, punitive, and exemplary damages. He alleged that the justice's court had no jurisdiction of the equitable petition, that he had no adequate remedy at law, that the settlement of all questions in one suit would prevent a multiplicity of suits, and that the corporation was a non-resident, entitling him to recoup damages for tort and injury. Vining prayed the suit on the note and garnishment in the justice's court be restrained, and that he recover damages on recoupment; and for general relief. The corporation filed a demurrer on the ground that the petition set forth no cause of action, legal or equitable, and contained no ground for equitable jurisdiction, and showed on its face that the court had no jurisdiction of the person of the defendant. The demurrer was sustained, and the petitioner excepted. This court, through Mr. Justice Gilbert, said: "The relief prayed was not as to matters included in the pending suit on the note, and the court did not err in sustaining the general demurrer and dismissing the petition. *Crawley* v. *Barge*, 132 *Ga.* 96 (2) (63 S. E. 819). See *Askew* v. *Bassett Furniture Co.*, 172 *Ga.* 700 (158 S. E. 577). . . The demurrer was also properly sustained because the petitioner did not deny that the balance claimed on the note was due and unpaid, and did not offer to pay it, and did not allege any facts showing that the Bankers Commercial Securities Company, in having the garnishment returned to the wrong justice's court or in doing anything in connection with the attachment proceeding or suit on the note, acted maliciously or damaged the petitioner in any manner which would entitle him to equitable relief," and the judgment sustaining the demurrer was affirmed. The questions involved are more largely argued in *Askew* v. *Bassett Furniture Co.*, supra.

In the instant case it is not denied that Ramey owed Mrs. McCoy the amount of her judgment, $5000. In fact it is admitted

that she is entitled to her judgment, because Ramey asks that his damages may be set off against the $5000 judgment, and he be entitled to a judgment in excess. No statement is made as to what became of the restraining order granted by the court against the enforcement of the $5000 judgment, and presumptively it was decided against Ramey. It is not charged that Mrs. McCoy knew of any restraining order, because it is alleged that "she knew or had reasonable grounds to suspect she could not sell the property until said injunction had been disposed of," which is the equivalent, under many decisions of this court, to saying that she had reasonable grounds to suspect the grant of an injunction. It is alleged that the sheriff did not seize the property through a levy, which necessarily must have been the case under the allegations of the petition. It is in no way indicated how any damage could have been or was sustained by Ramey. Except for the injunction, Mrs. McCoy had a right to have the property levied on and sold by the sheriff; and construing the declaration most strongly against the plaintiff, Mrs. McCoy did have that right, since she had the judgment, which is not declared to have been invalid for any reason. The case at its best is to be likened to a libel suit; and yet the plaintiff admits that he owes the judgment, which was subject to be enforced by levy and advertisement; and yet says that his standing in the community was injured by reason of one unauthorized publication of an advertisement in the county paper. In *Estes* v. *Sterchi Brothers Stores Inc.*, 50 *Ga. App.* 619 (2) (179 S. E. 222), it was held: "A mere written statement that a person who is not engaged in a vocation which requires credit fails and refuses to pay a debt, and which does not affect him in his business or profession, and which does not impute insolvency to him, but which is made to his employer solely for the purpose of urging the employer to induce the alleged debtor to make payment of the debt, is not libelous per se, and does not render the author of the statement liable without proof of special damage." However, it is well to call attention to *White* v. *Parks*, 93 *Ga.* 633 (20 S. E. 78), and the difference between the two cases as hereinafter pointed out. In *White* v. *Parks* it was held: "To 'blacklist' a person in writing and thus publish of and concerning him that he is a delinquent debtor, *when in fact he owes nothing,* tends to injure his reputation, render him odious, and expose him to public contempt. (Ital-

ics ours.) Construing the declaration as alleging that the libelous matter which was falsely and maliciously published by the defendants of and concerning the plaintiff was that the latter was a delinquent debtor to the former in the sum of $3.35, the declaration sets forth substantially a cause of action." In *Estes* v. *Sterchi Brothers Stores Inc.*, supra, it was not denied that the plaintiff owed the money, and therefore on its face what was written by the defendant was the truth, and in a libel suit the truth can be proved to defeat a judgment. In the case of *White* v. *Parks*, supra, the plaintiff charged he owed nothing, and therefore it was incumbent upon the defendant to prove the truth of his statement.

In the instant case it is admitted that Ramey owed the $5000, and any publication to that effect could not damage him, because it was the truth. He was not maintaining the suit on the theory that he had been done a theoretical wrong by the advertisement unauthorized by the sheriff, but that he had been done a wrong in that he was held up to public contempt, hate, and ridicule. Therefore it is not a case for recovery of nominal damages on the ground of a wrong in filing the advertisement, because the suit was not brought on that theory. Had the plaintiff sued for the wrong in advertising, he must have alleged special damage, and there was no seizure of the property. His suit was brought on the theory of injury to reputation; and, as we have shown, his reputation was not injured by the publication of a truth. If he was injured by the publication of the truth, then it was justified. There was no error in sustaining the demurrer.

■■ Ada McCoy obtained a judgment against Ramey on notes secured by deed. When Ada McCoy sought to enforce her judgment on the land pledged, Ramey filed a petition to enjoin enforcement thereof. The petition prayed for equitable set-off against the judgment held by Ada McCoy, and for injunction restraining her from proceeding with her judgment until the set-off could be heard and determined. She filed her answer and a cross-action praying for the appointment of a receiver, and a demurrer to the petition for set-off. Upon hearing the court sustained the demurrer and dismissed the petition. Ramey filed a bill of exceptions to the order sustaining the demurrer, and the court signed and certified the bill of exceptions, and granted a supersedeas, before the hearing on the cross-action. Thereafter the cross-action came

on for a hearing. Ramey moved to dismiss the cross-action, on the ground that the court had already signed the bill of exceptions, and granted a supersedeas, and was thus divested of all jurisdiction. The court overruled the motion to dismiss, heard the evidence introduced to support the cross-action, and passed an order appointing a receiver. Ramey excepted to the refusal to dismiss the cross-action, and to the appointment of a receiver. Evidence was introduced by Ada McCoy, to the effect that the land was badly washed, the residence needed repairing, and the roof was leaking, and that if both tracts in the mortgage were placed on the market they would not bring more than $2800, and would not discharge the judgment and pay the taxes which amounted to more than $600, and that the property had greatly decreased in value since the loan was made. Further, that Ramey had no property other than two acres worth about $5 an acre. This was disputed by Ramey, who testified he had two acres of land, the equity in which he estimated at $3000 above encumbrances. He had taken one of the suits regarding this judgment to the Supreme Court, but did not pay the costs or give the bond for eventual-condemnation money. He had made contracts with the Rehabilitation Department of the Government Farm Program, wherein it was stipulated that the Government Farm Program would reroof the house and barn, spray and cultivate the apple-trees, and repair the fences, and it was agreed by said Government Farm Program to pay the taxes each year, and the place would be turned back to Ramey in splendid condition. Ada McCoy introduced a tax sheet from the tax-receiver for 1936, showing that Ramey returned certain personalty of the value of $150, and returned the land in controversy as of the value of $1500. She introduced the consent mortgage-foreclosure verdict in her favor against Ramey for $4894.65, with interest at 8 per cent., serving to foreclose a loan secured by deed. The parties consented to the judgment of May 18, 1932.

Ada McCoy in her cross-petition alleged that said execution was levied on the property in question, and that Ramey filed an affidavit of illegality on September 14, 1932, and this affidavit was dismissed upon demurrer. Thereafter Ramey filed a suit to enjoin the enforcement of this execution, and the court sustained a demurrer and dismissed the petition. The case was carried to the Supreme Court, and the judgment was affirmed. *Ramey* v.

*McCoy,* 180 *Ga.* 521 (179 S. E. 730). Ada McCoy further alleged in her cross-petition that Ramey filed another suit seeking to restrain her from collecting her judgment, and when the case was called at the November term, 1935, Ramey failed to prosecute the same, and the court dismissed the petition; and thereafter on December 7, 1935, R. C. Ramey filed the present suit, to which the instant cross-action was filed. The cross-petition showed that the dwelling-house was in good condition at the time the defendant made the loan, and that the building and property had greatly depreciated, and taxes were outstanding from 1928 to 1935 in the aggregate sum of $615; and it was set forth that interest on the judgment was accumulating, and the rents and profits of the land had not been used to pay the taxes, and that the property covered by the security deed and said judgment was not sufficient to pay the judgment and the lien for taxes. These allegations were supported by evidence tending to establish their correctness. After the hearing the court appointed a receiver with authority to protect the properties and rent the same, with all the rents and profits subject to the order of the court.

"A court of equity may appoint a receiver to take possession of and hold, subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss or destruction, or material injury to those interested, or where any fund or property may be in litigation and the rights of either or both parties can not otherwise be fully protected." *Orton* v. *Madden,* 75 *Ga.* 83 (3). It is proper to appoint a receiver to protect property sold on installment payments, the installments not paid, the interest and taxes accumulating. *Adams* v. *Blalock,* 163 *Ga.* 345 (136 S. E. 146). See Code, §§ 55-301, 55-305.

The plaintiff in error claims that the cross-petition is not germane to the subject-matter of the original petition filed by Ramey. This contention is not well founded. The original petition sought to establish a set off as against the judgment which Ada McCoy, was seeking to enforce. It was therefore appropriate, under the facts set forth in the cross-petition, that the same should be entertained and relief granted. Plaintiff in error further claims that since the dismissal on demurrer of the original petition had been taken to the Supreme Court, with a supersedeas, the trial court could not proceed further until after the remittitur from the Su-

preme Court. When the trial court overrules a demurrer to a petition, it is within the discretion of the trial court to try the case, even though its action on the demurrer has been carried to the Supreme Court. "Where a demurrer to a proceeding to foreclose a mortgage was overruled, and a bill of exceptions signed and filed, bringing the ruling to this court for review, this alone did, not ipso facto operate to prevent the presiding judge from proceeding with the trial." *Montgomery* v. *King*, 125 *Ga.* 388 (54 S. E. 135), and cit. The trial court does not lose its jurisdiction of a cause pending a review of a judgment overruling demurrers to the petition, and it is competent for the judge, after overruling the demurrer, and while that judgment is under review by a writ of error to the Supreme Court, to grant or refuse a temporary injunction. *Armstrong* v. *American National Bank*, 144 *Ga.* 245 (86 S. E. 1087), and cit. Even after a case is taken to the Supreme Court, where it appears that a party has the right to the exercise of the power of the court for the appointment of a receiver, the court can exercise such power to prevent irreparable damage. *City of Macon* v. *Ries*, 180 *Ga.* 371 (6) (179 S. E. 529). It will be borne in mind that the trial court was not endeavoring to act upon any question pending before the Supreme Court seeking to reverse the sustaining of a demurrer. No reason appears for reversing the action of the judge, in the exercise of his discretion, in appointing a receiver.

*Judgments affirmed. All the Justices concur.*