PAFFORD *v.* PAFFORD.

No. 12180. APRIL 13, 1938.

*J. Ira Harrelson,* for plaintiff in error.
*Durwood T. Pye* and *Paul H. Butler,* contra.

BELL, Justice. In the instant suit for divorce and permanent alimony, after the rendition of a final verdict and decree in favor of the plaintiff, the defendant filed a motion to strike an amendment to the petition, upon the alleged ground that it was offered and allowed after the jury had returned into court and announced their verdict. After hearing evidence, the court passed the following order: "The amendment having been allowed in open court prior to the verdict and judgment, in the presence of the defendant and his counsel, and no objections having been made, the court is of the opinion that the motion to strike the amendment is too late and the same is overruled." The defendant also filed a motion to set aside the verdict for alleged irregularity in its formation and reception, in that after the jury had announced their finding, but had not signed the verdict, the plaintiff amended her petition, describing other property of the defendant, consisting of insurance policies; and that the judge then suggested to the jury that they might alter their verdict by awarding the additional property as alimony. The court also heard evidence upon this motion, and afterward passed the following order: "Upon a hearing of evidence and after argument, the within motion is overruled. The court further certifies that the statements made in the affidavit as to what took place between the court and the jury as to the amendment and verdict did not occur." The defendant filed exceptions pendente lite, assigning error in general terms upon each of the foregoing orders. It appears from the record that the recitals of fact contained in each order were authorized by the evidence. The defendant filed a motion for a new trial, based upon the usual general grounds, and upon the further ground that the verdict as to alimony was excessive. The motion also assigned error upon the same grounds which were alleged as bases for the motions to strike the plaintiff's amendment and to set aside the verdict. The court overruled the motion for a new trial, and the defendant excepted. The bill of exceptions assigned error upon that ruling, and upon the exceptions pendente lite.

The plaintiff sought and obtained a total divorce upon the ground of cruelty. There is no contention that the verdict was not supported by the evidence, so far as it relates to divorce. The verdict also removed the defendant's disabilities. A son and two daughters were born of the marriage.. At the time of the verdict,

October 4, 1936, the son was about twenty years of age; one of the daughters was about seventeen years of age, and the other about fifteen and a half years. The son was employed. The children were living with their mother, and the decree apparently assumed that they would continue to do so, although it did not expressly deal with their custody. As to alimony, the verdict provided that certain property in Hapeville, Georgia, which the defendant had previously conveyed to his wife and children, should *remain* their property; that the residence in which the plaintiff and the children lived should remain in the possession of the plaintiff, the defendant to pay notes of $31.80 per month, according to the terms of a loan upon the property, until the youngest daughter reaches the age of eighteen years, or until the plaintiff dies or remarries. The verdict further provided that "if the plaintiff dies or remarries before the youngest child arrives at the age of 18 years, the said child or children under the age of 18 years shall have the right of possession of said property until the youngest living child reaches the age of 18 years, at which time the possession of said property is to be turned over to the defendant." Also, that the defendant should be required to maintain the premiums upon existing life-insurance policies for $5000, and that the policies should be so changed "as to be for the benefit of the plaintiff and all living heirs of the defendant at the time of his death, share and share alike." The evidence authorized the inference that the policies were already payable to the wife and children, or at least that they were not payable to the defendant's estate, and that he did not have the right to change the beneficiary or beneficiaries. The policies were not introduced in evidence, but the plaintiff testified as follows: "Defendant has tried to change the beneficiaries under these policies, so that neither she nor the children will receive any of the proceeds therefrom upon his death, but to date has not been able to do so." It appears that the policies required the payment of premiums in the aggregate sum of $19 per month. The evidence showed that the defendant is in some way crippled, but that he is able to work and receives a salary of about $120 per month. The plaintiff testified that the property other than the insurance policies was acquired by the joint earnings and labor of herself and the defendant. There is no contention that the verdict is excessive, except as to the fixed charges which the defendant will be required

to pay, namely, the instalments of the loan in the sum of $31.80 per month and the premiums on the life-insurance policies amounting to $19 per month. While in the brief filed for the defendant it is stated that the fixed charges will amount to about $75 per month, the record does not account for this sum, unless it is to be inferred that the taxes upon the residence and expense of its maintenance are to be paid. The verdict does not refer to such items, and the record is otherwise silent in regard thereto. The verdict did not require the payment of any sum directly to the plaintiff or to the children. It is stated that the defendant receives a salary of only $110 per month, but the only evidence on this question was that he was earning about $120 per month. It can not be said as a matter of law that the verdict was excessive; nor does the record otherwise show any cause for a reversal. The headnotes do not require further elaboration.

*Judgment affirmed. All the Justices concur.*