19026.   EWING *v.* EWING.

WYATT, Presiding Justice.   Alice Cicha Ewing brought suit against Albert Norris Ewing, her husband, seeking a total divorce and temporary and permanent alimony upon the ground of cruel treatment.   The allegations of the petition with reference to cruel treatment are, in full, as follows:

"Petitioner shows that defendant had for months before their separation shown an attitude of wilful indifference to her and to their home life. He has indicated to her repeatedly by words and conduct that he does not love her nor care for her company. 5. Defendant's conduct has caused her great distress and mental suffering and has not been provoked by petitioner nor consented to by her. Such acts and neglect constitute cruel treatment from which she apprehends serious injury to her health." These are all the allegations regarding cruel treatment. The case proceeded to trial, and after the plaintiff had introduced all of her evidence, the defendant made an oral motion to dismiss the petition. The motion was denied. When the defendant had introduced his evidence, the jury found in favor of the plaintiff, granting a total divorce between the parties. The jury further found in favor of the plaintiff for alimony, granting to her the house and furniture, $150 per month for herself and $125 per month for each of the two children. The defendant filed a motion to modify and set aside the verdict and judgment. The motion was denied. The defendant then filed his motion for new trial, which was denied. The exception here is to the judgment denying the motion to dismiss the petition, to the judgment denying the motion to modify and set aside the verdict and judgment, and to the judgment denying the motion for new trial. *Held:*

1. The first question presented is whether or not the oral motion to dismiss the petition should have been sustained. The oral motion to dismiss was in the nature of a general demurrer and attacked the sufficiency of the petition to set out a cause of action for the relief sought. It is contended that the allegations as to cruel treatment are not sufficient to authorize the grant of a divorce on that ground. It has been held a number of times by this court that the kind of cruel treatment which is a ground for divorce in this State is the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb, or health. See, *Ring* v. *Ring,* 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878); *Brown* v. *Brown,* 129 *Ga.* 246 (58 S. E. 825); *Wilkinson* v. *Wilkinson,* 159 *Ga.* 332 (125 S. E. 856). In *Ring* v. *Ring,* supra, it was said: "What merely wounds the mental feelings is in few cases to be admitted, where they are not accompanied with bodily injury, either actual or menaced. Mere austerity of temper, petulance of manners, rudeness of language, a want of civil attention and accommodation, even occasional sallies of passion, if they do not threaten bodily harm do not amount to legal cruelty: they are high moral offenses in the moral state undoubtedly, not innocent surely in any state of life, but still they are not that cruelty against which the law can relieve." Further along in the opinion in *Ring* v. *Ring,* it is said: "The acts of cruelty must be such as to render cohabitation unsafe, or are likely to be attended with injury to the person or to the health of the wife. . . It must be the intention of the offending party to injure —to wound. It must be a wilful act the purpose of which is to hurt. Words spoken or acts done may cause the greatest pain—the most acute suffering, but in the absence of an intention to wound they do not constitute the cruel treatment contemplated by the law as a ground for divorce." See also *Morris* v. *Morris,* 202 *Ga.* 431 (43 S. E. 2d 639); *Smith* v. *Smith,* 119 *Ga.* 239 (46 S. E. 106). In the instant case, the

petition is lacking in the essential requisites set out in the cases above referred to. The petitioner does not allege that any of the acts done or words spoken were done intentionally and for the purpose of injuring or wounding her. It can not be determined from the petition what words were spoken or acts done or whether the intention of the defendant was or was not to injure or wound the petitioner. Construing the petition most strongly against the petitioner, as must be done, we must hold that the petition does not allege that the defendant was guilty of any acts or words which were intended to injure or wound the petitioner.

2. The allegations with reference to the apprehended injury to the petitioner, quoted above in the statement of facts, are not sufficient as alleging any facts with reference to any injury, actual or threatened, to the petitioner. What is there alleged is simply a conclusion of the pleader and is not sufficient as against an oral motion to dismiss.

3. As has been held above, the oral motion to dismiss the petition should have been sustained and it was error to deny it. It follows, that all that happened thereafter was nugatory, and questions relating to rulings occurring thereafter in the proceedings will not be passed upon.

*Judgment reversed. All the Justices concur. Duckworth, C. J., concurs specially.*

SUBMITTED JULY 12, 1955—DECIDED SEPTEMBER 12, 1955.

*Guy Tyler, Marvin O'Neal, Jr.,* for plaintiff in error.
*Hal Lindsay, John W. Crenshaw,* contra.

DUCKWORTH, Chief Justice, concurring specially. While I fully agree that the pleadings were subject to be stricken on motion, I do this for the reason that the facts alleged do not support the conclusion and not because, as the majority seem to hold, conclusions in the pleadings without any attempt to allege facts to support same are subject to a motion to strike.