## 22572. MATHEWS v. MATHEWS.

DUCKWORTH, Chief Justice. This is a divorce, alimony and custody of children case in which the ground for the divorce is

cruel treatment. The defendant answered admitting the separation but denied the allegations of cruel treatment and by way of cross action alleged adultery and abandonment, and prayed for denial of the petitioner's prayers, for a divorce for himself, custody of the children and a deed to property allegedly held in trust for him by the defendant. Demurrers to the petition were filed, heard and overruled. After a trial the verdict was in favor of the plaintiff granting her a divorce and alimony and awarding support for the children against the father. A motion for new trial, as amended, was filed, heard and overruled; and the exception is to that judgment and to the overruling of the general demurrer to the petition. *Held:*

1. The petition clearly alleged the defendant was guilty of wilful acts of cruel treatment, both bodily and mental, such as would reasonably justify apprehension of damage to life, limb and health. Thus a cause of action was alleged, and the general demurrer is without merit. See *Anglin v. Anglin*, 209 Ga. 823 (76 SE2d 498), and cases cited. Compare *Ewing v. Ewing*, 211 Ga. 803 (89 SE2d 180).

2. The first special ground complains of a failure to charge the definition of circumstantial evidence and the weight such evidence is to be given in consideration of the award of permanent alimony. In the absence of a request to charge a fuller or more particular charge it was not error. This ground is without merit. See *Code Ann.* § 70-207 (Ga. L. 1937, p. 592); *Higgins v. Cherokee Railroad*, 73 Ga. 149; *Scott v. Gillis*, 202 Ga. 220, 226 (43 SE2d 95).

3. No grounds of disqualification of the judge under *Code Ann.* § 24-102 were alleged or shown, and the ground of the motion complaining of the judge's failure to disqualify himself, if it is proper to raise such question by motion for new trial, is not meritorious.

4. The third special ground complaining of the award of temporary alimony after the trial began but before the jury verdict will not be considered since the proper procedure should have been to except to the order awarding the temporary alimony, as this question was completely within the province of the court and was not a part of the trial. No exception was taken to this order, hence it will not be passed on here.

5. Likewise the fifth special ground complains of the award of the children by the court to third parties in the final decree.

Again no exception was taken to the decree. Therefore no question is properly presented to this court by the fifth special ground of the motion for new trial.

6. The fourth special ground complains of the court's failure to charge as to the property allegedly held in trust by the plaintiff for the defendant. The pleadings failed to accurately describe the property so held and none of the evidence adequately described the property in order that the court might instruct the jury thereon. Hence the court did not err in failing to instruct the jury as to the property allegedly held in trust.

7. The evidence supported the verdict and the general grounds are without merit. Since none of the assignments of error show any error, the court did not err in denying the motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 13, 1964—DECIDED SEPTEMBER 11, 1964—
REHEARING DENIED SEPTEMBER 28, 1964.

*Oze R. Horton,* for plaintiff in error.