### 23243. MATHEWS v. MATHEWS.

MOBLEY, Justice. A father appeals from a judgment of the Civil and Criminal Court of Clayton County rendered in a habeas corpus proceeding brought by him against his sister, Ruby L. Mathews, remanding custody of his three minor children to his sister to whom they had been awarded in a divorce, alimony and custody proceeding brought by his wife against him in Clayton Superior Court. This case has twice been before this court. See *Mathews v. Mathews,* 220 Ga. 247 (138 SE2d 382), and *Mathews v. Mathews,* 221 Ga. 80 (143 SE2d 170). In the latter case this court held that the judgment of the trial court in awarding custody to the sister was a final one. Permanent custody of the children was vested in her by this judgment. *Held:*

1. While there was much discussion by counsel and court as to whether the court had jurisdiction of the habeas corpus proceeding and the court expressed some doubt as to its jurisdiction, evidence was heard as to the fitness of the sister to have custody and as to whether there were material changes of circumstances affecting the interest and welfare of the children, after which the trial court entered the following order: "The above case having come on for hearing, and after hearing evidence and argument from both sides, the court denies plaintiff's petition for writ of habeas corpus." The court did not under the evidence abuse its discretion in denying the writ, as the evidence authorized the finding that there had been no material changes of circumstances substantially affecting the interest and welfare of the children since the award of the custody to the sister.

2. Section 2 of the Act creating the Civil and Criminal Court of Clayton County (Ga. L. 1964, pp. 2032, 2034) vested that court with "power to issue writs of habeas corpus and hear of and dispose of the same in the same way and with the same powers as the judge of the Superior Court." This court in the full-bench decision of *Barlow v. Barlow,* 141 Ga.

535 (2) (81 SE 433) held: "The discretion conferred on courts in the determination of habeas corpus proceedings on account of the detention of a child is applicable to all courts authorized to grant the writ, including the ordinary." See also *Fortson v. Fortson*, 200 Ga. 116 (35 SE2d 896) and numerous cases there cited; Jones v. Cunningham, 371 U.S. 236, 240 (83 SC 373, 9 LE2d 285). The court had jurisdiction of the subject matter and of the parties.

3. The other errors enumerated were wholly without merit and require no discussion.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 13, 1965—DECIDED JANUARY 6, 1966—
REHEARING DENIED JANUARY 18, 1966.

*John J. Mathews, Oze R. Horton,* for appellant.
*D. M. Johnson,* for appellee.