23270. SWINDLE v. SWINDLE.

ARGUED DECEMBER 14, 1965—DECIDED FEBRUARY 2, 1966.

*Fred T. Allen,* for appellant.

*W. D. Knight, E. R. Smith, Sr.,* for appellee.

COOK, Justice. Virginia B. Swindle brought an action against Glen Terrell Swindle for divorce, alimony, and the custody of their minor child. The record before us for review contains two notices of appeal, one filed September 11, 1965, and the other filed September 30, 1965. The first notice designates the judgments appealed from as the order overruling the defendant's motion to quash and strike a notice to produce; the order denying his motion to strike and dismiss the temporary restraining order granted; and the order overruling demurrers. The second appeal designates the judgments appealed from as the order overruling demurrers and the order allowing temporary alimony. The two notices of appeal were sent to this court with one transcript of record which contained the proceedings pertinent to both notices of appeal. The enumeration of errors filed in this court designates alleged errors pertaining to the judgments appealed from in both notices of appeal.

The Appellate Practice Act of 1965 (Ga. L. 1965, p. 18 et seq.), as amended (Ga. L. 1965, p. 240 et seq.), does not indicate that appellants can file two notices of appeal in the same case. The record presently before us shows that both appeals were from appealable judgments, and both were filed in time. The transcript of record furnished is sufficient for either appeal. This court has exercised its discretion in dealing with the matters under review by treating the two appeals as one case.

■ The appellant asserts that the trial judge erred in overruling his general demurrer to the petition. The petition sought a divorce on the ground of cruel treatment, and the allegations asserting cruel treatment are as follows: "Petitioner shows that their married life as a whole has not been a very happy one, although she has done all that she could do to make a success of it. Petitioner shows that the defendant has fussed at her continuously and that he has complained about the way that she keeps the house and about her cooking and has stated that his mother can cook better than she can and he has continually nagged and fussed at your petitioner and stated that he no longer cared for her and said actions were spoken and done by the defendant for the purpose of wounding, injuring and hurting the feelings of your petitioner. They cannot live together any longer in peace and happiness, nor in safety to her health and said treatment has impaired her health, made her ill and nervous, causing her to lose sleep, and, finally, she could not endure it any longer and was forced to separate from him for her own safety, health and happiness."

Cruel treatment as a ground of divorce is defined as "the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies apprehension of danger to life, limb or health." Ga. L. 1946, pp. 90, 91 (*Code Ann.* § 30-102 (10)). In *Hirsch v. Hirsch*, 217 Ga. 590 (123 SE2d 519), the allegations of "fussing and nagging" as set out in the petition in that case were held to state a cause of action for divorce based on cruel treatment. The petition in the present case alleged that the defendant "has continually nagged and fussed at your petitioner and stated that he no longer cared for her."

Counsel for the appellant cites *Ewing v. Ewing,* 211 Ga. 803 (89 SE2d 180). In the *Ewing* case it was held that the petitioner did not allege that any of the acts done or words spoken "were done intentionally and for the purpose of injuring or wounding her." In the present case it was alleged that "said actions were spoken and done by the defendant for the purpose of wounding, injuring and hurting the feelings of your petitioner." These allegations were sufficient to allege the element of wilfulness in the infliction of mental pain upon the petitioner.

The trial judge did not err in holding that the petition alleged a cause of action for divorce on the ground of cruel treatment.

■ Error is assigned on the order of the judge granting a temporary injunction, and on the order overruling the motion to dismiss and strike the temporary injunction. The order of September 18, 1965, is in part as follows: "it is the order of the court that the restraining order against the defendant disposing of his personal property or encumbering his property is hereby lifted and set aside." If the judge committed error in restraining the appellant from selling and disposing of his personal property, he has corrected this error, and it is no longer an issue in the case.

■ Error is assigned on the overruling of the appellant's motion to quash and dismiss the notice to produce. The transcript of the record filed with this court contains no notice to produce. We have called on the Clerk of Berrien Superior Court to furnish us with a copy of such notice, and she has certified that neither an original nor a copy of the notice to produce is on file in her office. This court, therefore, can not determine whether the notice to produce was subject to the motion to dismiss.

■ It is asserted that it was error to admit testimony of the appellee concerning ledger sheets and canceled checks drawn on the appellant's personal checking account, and that it was error to admit these ledger sheets and canceled checks on the identification of the appellee, because the information she had on these papers was derived from his confidence and papers entrusted to her care.

The appellant does not refer us to any portion of the tran-

script of the record showing any objection to any evidence, and our search of the brief of evidence in the transcript of the record does not reveal any objection to any evidence. In order for this court to determine whether or not a trial judge erred in admitting evidence we must be able to determine what evidence is claimed to have been illegally admitted and what objection was made to the evidence at the time it was admitted. The assignment of error in the present case on the admission of evidence can not be considered.

■ The final enumeration of error is the granting of temporary alimony. It is contended that the trial judge did not have jurisdiction to grant temporary alimony on September 18, 1965, the date the alimony judgment was entered, because the appellant on September 11, 1965, had filed his notice of appeal from the judgment overruling the general demurrer and other antecedent orders. It is asserted that the notice of appeal served as a supersedeas under Ga. L. 1965, pp. 18, 22 (*Code Ann.* § 6-1002), and the trial judge could not pass any further orders in the case because he no longer had jurisdiction of it.

In *Holleman v. Holleman*, 69 Ga. 676, it was held: "Temporary alimony pending an action for permanent alimony, does not cease with the verdict and judgment in the superior court, where the case is brought to the Supreme Court, but continues (within the discretion of the court) until the termination of the litigation in all the courts." Where a trial judge overrules demurrers to a petition for divorce and alimony, and an appeal is filed to that judgment, the trial judge does not lose jurisdiction to consider the question of temporary alimony, which may be needed by the wife to enable her to litigate the questions raised by her husband in the appeal. The trial judge by granting temporary alimony is not acting on any question pending before the Supreme Court. Compare *Armstrong v. American Nat. Bank*, 144 Ga. 245 (86 SE 1087); *Ramey v. McCoy*, 183 Ga. 616, 624 (189 SE 44).

*Judgment affirmed. All the Justices concur.*