## 24404. MOODY v. MOODY.

ARGUED DECEMBER 12, 1967—DECIDED JANUARY 4, 1968—
REHEARING DENIED JANUARY 18, 1968.

·*Noah J. Stone, Hugh W. Stone,* for appellant.

*Westmoreland, Hall & O'Brien, John L. Westmoreland, Sr., P. Joseph McGee,* for appellee.

MOBLEY, Justice. The appeal is from a judgment overruling and denying the motion for new trial, as amended, of the husband to a final judgment and decree of the trial court awarding the wife a divorce, alimony for herself, and support for five minor children.

■ Enumeration of error 1 complains of the denial of the motion for new trial on the ground that the judgment and decree of the court is contrary to law and evidence, and without

evidence to support it. This ground is without merit, as the evidence is ample to support the finding that the husband was guilty of cruel treatment as charged, and also of habitual intoxication. The wife testified that he was intoxicated every night he was at home during the last year they lived together, that he bought whiskey by the case and consumed large quantities, drinking three and more drinks before dinner, and would awake during the night and continue drinking. He was teaching at Georgia Tech and lived at home with his wife and children prior to and at the time of the separation. "It is not, in order to prove 'habitual intoxication' on the part of the respondent in a libel for divorce, essential to show that he was constantly and continuously drunk." *Fuller v. Fuller,* 108 Ga. 256 (2) (33 SE 865). The evidence does not support the husband's contention that the wife was guilty of like conduct.

The kind of cruel treatment which is a ground for divorce is the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb or health. *Ewing v. Ewing,* 211 Ga. 803 (1) (89 SE2d 180); *Code* § 30-102 (10). The wife testified that her husband mistreated her physically several times, on one occasion had hit her on the jaw, loosening a tooth which required dental care and prevented her from eating for several days; that he had made false accusations against her; that this conduct of her husband seriously affected her health, and that she lost 20 pounds during the last six months they lived together.

■ Enumeration of errors 2 and 3 complain that the award of alimony is excessive, oppressive, contrary to law and the evidence, and leaves the husband with nothing to live on. The court awarded the wife the husband's equity in the home and a Chevrolet automobile; alimony and child support totaling $475 per month; mortgage payments on the home, $217.32 per month; automobile note, $69 per month; tuition for retarded child, $51 per month; or a total of $812.32 per month, or $9,747.84 per year; and ordered payment of one daughter's tuition at Georgia Tech so long as she attended there until she reached 21 years of age.

The divorce action was filed in August, 1966. The husband's

gross income in 1966 was $23,309.65, and in 1965, $19,541.44. His complaint is that his gross salary is $1,181.25 per month, with net of $817.78 per month, and that this is not adequate to pay the award. However, he neglects to include his income for work during the summer months and money received from grants, which, together with his salary by Georgia Tech, totaled about $2,000 per month in 1966, and he is doing the same work in 1967. The evidence supports the award and it clearly is not excessive.

■ The 4th and 5th enumeration of errors complain that the court erred in requiring the husband to pay the mortgage notes on the home until the wife dies or remarries, and on the automobile, on the ground that the awards are not supported by the pleadings or the evidence. The wife prayed for alimony; and, requiring the husband to pay, as a part of alimony, the monthly notes on the home and automobile would be an award of alimony. "The fundamental basis of the law is to require the husband to pay necessary expenses of his wife and minor children. Such payments, irrespective of the specific expense they satisfy, whether food or attorney's fees, are all alimony, and are embraced in that term." *Finch v. Finch,* 213 Ga. 199, 201 (97 SE2d 576). It was not necessary for the wife to pray specifically that, as a part of permanent alimony, her husband be required to pay the notes on the home and automobile.

In *Pray v. Pray,* 223 Ga. 215 (154 SE2d 208), relied on by the husband, there was no prayer for alimony and this court, for that reason, held that the court erred in awarding alimony. There are precedents of this court affirming judgments requiring payments of notes as a part of alimony. *Pafford v. Pafford,* 186 Ga. 100 (196 SE 804) ; *Hewlett v. Hewlett,* 220 Ga. 656 (2) (140 SE2d 898).

■ The 6th enumeration of error alleges that the court erred in ordering the husband to "pay all reasonable medical and dental bills for all five children, past, present and future." The cost of medical and dental care is a necessary expense of children, and without question an item of their support. See *Hewlett v. Hewlett,* 220 Ga. 656 (2b), supra. This court in *Hunnicutt v. Sandison,* 223 Ga. 301 (154 SE2d 587), affirmed a judgment hold-

ing a father in contempt of court for failure to pay "necessary and reasonable expenses for the support, maintenance and education" of his minor child. There would be no difficulty in determining what are "medical and dental" bills, and the amount of such bills could be easily and definitely determined. Furthermore, there is no way for the court to order payment of the amounts due prior to the time they are incurred. This award is not too indefinite and uncertain to be enforceable.

It was not error to require the father to pay present and future medical and dental bills of the children. However, it was error to require payment of past medical and dental bills, as they are not a part of permanent alimony or support of the children after the divorce. The court is directed to strike from its judgment the award of past dental and medical bills.

*Judgment affirmed with direction. All the Justices concur, except Duckworth, C. J., Almand, P. J., and Frankum, J., who dissent.*

Duckworth, Chief Justice, dissenting. I dissent because I consider the award of alimony excessive and particularly so because I consider a part of this award as contrary to law in that *Code* § 30-207 provides for an award of only "permanent support." For a full discussion of my objections to the required payment of educational sums as alimony see my dissent in *Bateman v. Bateman,* 224 Ga. 20.

Almand, Presiding Justice, dissenting. For reasons set out in my dissent in *Bateman v. Bateman,* I dissent from the ruling of the majority as to requiring the appellant to provide a college education for a child of the parties.