## 27901. BARDEN v. BARDEN.

UNDERCOFLER, Justice. On April 12, 1972, Norma Dunn Barden filed a complaint for divorce against Howell Lester Barden, Sr., on the ground of cruel treatment. The defendant filed an answer and a cross complaint seeking a divorce on the statutory ground of cruel treatment.

On January 3, 1973, the complainant moved to dismiss her action on the basis that subsequent to the temporary court order of December 26, 1972, she had advised her attorney that she and the defendant had on numerous occasions since a temporary hearing was held in April, 1972, engaged in marital relations and had not lived in a bona fide state of separation as is required by the laws of this state.

At the hearing on the motion to dismiss the parties filed a written stipulation verifying these facts. In addition to the written stipulation of facts, the defendant testified orally at the hearing that although he did not remember the acts of cruel treatment set out in his cross complaint, that prior to the filing of it, the movant had threatened the defendant and had threatened his life. He testified further that subsequent to the last cohabitation by the parties that the movant had been guilty of further acts of cruel treatment which he detailed.

The trial court dismissed the complaint and the cross action and the husband appeals to this court. *Held:*

The appellant contends that fresh acts of cruelty will revive previously condoned acts of cruel treatment, and that his cross complaint should not have been

dismissed by the trial court.

The cross complaint in this case does not enumerate what cruel treatment was relied on by the defendant as a ground for divorce. The *only* evidence which the trial court heard at the hearing on the motion to dismiss was: "That prior to the filing of the cross complaint the movant had threatened the defendant and had threatened his life."

Code Ann. § 30-102 (10) provides as a ground for divorce: "Cruel treatment, which shall consist of the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies apprehension of danger to life, limb or health." Ga. L. 1946, pp. 90, 91.

There is nothing in the evidence before the trial court which shows that the cruel treatment complained of by the defendant in his cross complaint consisted of the "wilful infliction of pain, bodily or mental," upon him "such as reasonably justifies apprehension of danger to life, limb or health."

Since the evidence supporting the statutory ground of cruel treatment was insufficient to support that ground, the attempt to revive the ground of cruel treatment by showing fresh acts of cruelty since the condonation by the parties must fail. Compare *Ewing v. Ewing,* 211 Ga. 803 (1) (89 SE2d 180); *Hardy v. Hardy,* 221 Ga. 176 (1b) (144 SE2d 172); *Swindle v. Swindle,* 221 Ga. 760 (1) (147 SE2d 307).

The trial court did not err in dismissing the complaint and cross complaint in this case.

*Judgment affirmed. All the Justices concur.*

Submitted May 14, 1973 — Decided May 31, 1973.

*Long & Siefferman, Calhoun Long,* for appellant.

*Hayes & Hayes, Mose S. Hayes, Mose S. Hayes, Jr.,* for appellee.