B. F. BORAM, plaintiff in error, *vs.* KENCHEN THWEATT, defendant in error.

(BY TWO JUDGES.)—When, under the declaration, pleas and evidence in a case, the jury has done substantial justice between the parties, this Court will not reverse the judgment on mere technical grounds, but will give such direction to the cause as will correct the error and yet not open the dispute for further litigation.  5th March, 1872.

New Trial.  Before Judge JOHNSON.  Muscogee Superior Court.  May Term, 1871.

Thweatt brought trover for a bale of cotton against Boram, averring that he converted it in January, 1870. Boram defended upon the ground that, by an arbitration, he had settled with Thweatt about this cotton. The plaintiff proved that Boram got his bale of cotton, and sold it, and its value. It appeared, from the evidence, that Boram hired Thweatt, a negro, to work for him, in 1869; and they agreed that one Torry should decide all matters of dispute that might arise between them, and Thweatt promised to pay Torry $50 for his advice and care for his interests. Boram and Thweatt differed about their accounts, and, in November, 1869, submitted to Torry and Jones, as arbitrators, "all matters in dispute" between them. In March, 1870, they made an award, by which they brought out Boram in Thweatt's debt only $40. In their accounting, the arbitrators charged Boram with the bale of cotton, and charged Thweatt with the $50

Boram *vs.* Thweatt.

which he had promised Torry, and which, they decided, Boram should pay Torry. Thweatt's counsel contended that the award could not cover this cotton, because the conversion was after the submission was made. The reply was that the award was after the alleged conversion.

Various points arose in the case, but none of them are necessary for an understanding of the opinion. The jury found for the plaintiff for $97 and costs. The refusal of a new trial is assigned as error.

CHAPPEL & RUSSELL, for plaintiff in error.

THORNTON & SPENCER, by PEABODY, for defendant.

McCAY, Judge.

Whilst there is some difficulty in sustaining the verdict in this case, under technical rules of law, yet we are satisfied that substantial justice has been done between the parties. The arbitrators had, under the submission, no jurisdiction over this bag of cotton, as it had nothing to do with the matter submitted to them, whilst their appropriation of $50 to the adviser of this colored man, for his advice, was, under the circumstances, rather a high-handed measure. Under our liberal system of pleading we have concluded to sustain the judgment of the Court, on condition that the plaintiff write off the difference between the verdict and the value of the cotton, as proven, and agree, in the record, not to set up any claim to the $40 allowed him by the arbitrators. This will be substantial justice, and will prevent any further cost and expense to the public over this dispute.

Judgment affirmed upon conditions.