HENRY SULTER, plaintiff in error, *vs.* ELIZABETH B. MUSTIN, defendant in error.

When a married woman ordered from the milliner a hat at the price of $12 50, informing the milliner that it was intended as a present to a friend, but when the hat was finished she refused to take it, and suit was brought against her husband for the price of the hat ; and on the trial it appeared that the wife was fully supplied with hats, that she was in the habit of paying her own bills, and that he had no knowledge of the transaction ;

*Held,* That the husband was not liable for the price of the hat.

Husband and wife. Necessaries. Before Judge SCHLEY. Chatham Superior Court. May Term, 1873.

Henry Sulter petitioned for the writ of *certiorari,* making the following case:

Elizabeth B. Mustin brought suit against petitioner for $12 50, it being the price of a hat alleged to have been ordered from Mrs. Mustin by petitioner's wife. The case was heard on January 9th, 1873, before Levi S. Hart, Esq., a Notary Public and *ex officio* Justice of the Peace, for the third district. Petitioner pleaded the general issue.

Mrs. Mustin testified that Mrs. Sulter ordered a hat from her, for which she (Mrs. Sulter) selected the materials. After the hat was completed, Mrs. Sulter ordered some changes, which were duly made. It was then sent to her, but she returned it, saying she had found one which suited her better. It was understood that the hat was to be made up in workmanlike style. Witness' business is that of a milliner. She now has

Sulter *vs.* Mustin.

the hat subject to Mrs. Sulter's order. Mrs. Sulter had on a good hat when she ordered the one for which suit is brought. Witness did not ask her, nor did she care to know, whether she needed the hat for herself or family, but she gave witness to understand, at the time she ordered the hat, that she intended it as a Christmas present for a friend.

The plaintiff here closed.

Petitioner moved for a non-suit. The motion was overruled, and he excepted.

Mrs. Sulter testified that after the hat was finished she refused to take it, because it was not done in a workmanlike style, it being a "botch." That the sewing was bad, the velvet was unskillfully put on, and the hat, altogether, presented such an unseemly appearance that not only would witness not wear it herself, but she would not ask any one else to do so. That she, though no milliner, has fixed up a hat better than that. That plaintiff did offer to make the alterations witness desired, but would not do so without charging extra. That witness would not pay any extra charges because $12 50 is a high price for a hat, and it was not customary, when such an expensive hat was ordered, to pay anything extra for alterations.

Petitioner testified as follows: Did not authorize his wife to make any contract with plaintiff, or any one else, for a hat; in fact knew nothing about the matter until one hour before he was sued. Mrs. Sulter has several hats equally as good, if not better, than the one spoken of. She did not then, and does not now, need a hat, having been all the time well supplied. She always pays her own bills. He was surprised when the bill was presented to him. He refused, and still refuses, to pay for the hat, as he never authorized it to be bought or contracted for.

Mrs. Mustin, in reply, testified that the hat was done up by a good milliner, with whose work nobody had ever found any fault.

The Justice rendered a judgment against petitioner, to which he excepted.

He now assigns error upon the two aforesaid grounds of exception, and prays the writ of *certiorari*. The petition was sanctioned and the writ issued. Upon the final hearing, which was had upon the facts as above detailed, a new trial was refused, and the judgment of the Justice affirmed. To this ruling petitioner excepted.

T. R. MILLS ; R. R. RICHARDS, for plaintiff in error.

No appearance for defendant.

McCAY, Judge.

However it may be that the plea set up by the defendant is an unusual one at this day, yet it is none the less the law of this State, that the husband is only liable for *necessaries* bought by or furnished to the wife. And this is true, whether the liability turn on the presumed agency of the wife to purchase necessaries in his name, whilst they are living together, or upon his obligation to support her in case they be separated. In both cases it is only for necessaries that the husband is liable. As a matter of course, it is not required to constitute necessaries that they should be such in the absolute sense of the word. Such things are necessaries, in the legal sense, as are usual and proper for the use of a family in the circumstances of the parties. Whilst we are not prepared to say that there is no case in which an article intended as a present to a friend may not come within the rule, yet it is obviously a perversion of the meaning of words to class a present of a $12 50 hat as an act of necessity. Social duties unquestionably create wants and necessities as well as do other relations of life, but a present of an article of the character described can hardly be conceived of as a *duty*, either of charity or friendship. But in this case the article was not, in fact, received and used. It has not gone to the use of the husband in any sense. If he is liable for it at all, it is in the breach of the contract to take it. The foundation of his liability in all cases is, that he has got the benefit of the property of an-

other, and the law implies a promise to pay, if it was a proper thing for the use of his family. We know of no case where the liability has arisen from the mere *contract.* The husband is liable for necessaries *furnished* on the order of his wife, on the principle we have stated, but not on the contract when they have not been received, unless she be shown to be his agent. The case would then stand on the extent of the authority as agent.

Judgment reversed.