take into consideration, in determining the weight and the value of the evidence, the manner of the witnesses on the stand, the character of each witness, if you know it, the interest or want of interest they take in the case, the opportunity of each witness to know the facts about which he testifies," etc. The objection to this charge is, that the court used the words " the character of each witness, if you know it," defendant insisting that the character of the witness is not in issue unless placed in issue by some evidence or by attack legally made thereon.

W. W. BROOKES, J. D. TAYLOR, R. J. & J. McCAMY and HALL & HAMMOND, for the railroad company.

W. M. HENRY and ADAMSON & JACKSON, *contra.*

---

WEST *v.* SMITH *et al.,* executors.

Where, during the term at which a case was tried, a motion for new trial was made but no brief of evidence was filed, and by an order passed at that term the motion was set for a hearing in vacation, and thereafter by various orders in vacation was continued from time to time, but in none of said orders was any time beyond the trial term allowed for filing a brief of evidence, it was too late at the final hearing of the motion, months after the trial term had expired, to tender such brief, and the same when so tendered was properly rejected and the motion for new trial dismissed.

August 27, 1892.                                  *Judgment affirmed.*

New trial. Brief of evidence. Practice. Before Judge FISH. Dooly superior court. September term, 1891.

This was a suit on a foreign judgment. On the trial a verdict for the plaintiff was rendered under direction of the court. This was on September 19, 1891, during the September term of Dooly superior court. The defendant moved for a new trial on various grounds, and took an order for the plaintiffs to show cause on October the 19th why the motion should not be granted,

"and that movants have until the hearing to perfect motion and make such amendments as may be desired." On October 19th the hearing of the motion was reset for November 14th, counsel for the movants having been unable to appear. On November 14th it was ordered that the hearing of the motion for new trial and the motion to dismiss the same be continued until December 5th. On that day at the hearing the movants tendered and offered to file a brief of all the written and oral evidence that was produced on the trial; but the court refused to allow this to be done, and dismissed the motion for a new trial, to which the movants excepted.

BUSBEE & CRUM, for plaintiff in error.
E. A. HAWKINS, contra.

---

COOPER v. WHALEY.

1. The evidence brought up in the bill of exceptions, not having been briefed as the law requires, will not be considered, and the Supreme Court will assume that it was sufficient to authorize all findings by the judge below on questions of fact.
2. There was no error in holding that an equitable petition praying an injunction against the further proceeding of an execution therein mentioned was not demurrable for want of equity, or in granting a temporary injunction upon the facts alleged in such petition, which were as follows: that petitioner had been the claimant in a claim case in which, under an agreement between the parties thereto, a consent judgment had been rendered by the court finding the property subject, but providing that upon the payment of a specified sum, less than the amount of the execution, by a day named, the judgment should be satisfied in full, otherwise to remain of full force and the execution to proceed; that time was not of the essence of the agreement; that petitioner, by her husband as her agent, tendered to the attorney of record for the plaintiffs in execution, they being non-residents, a portion of the money due under said consent judgment, and offered to pay the balance the next day, all of which was before the day fixed for payment by the judgment, but said attorney refused to receive the money tendered and stated he would not then or the next day