## SHOCKLEY *v.* TURNELL & BEARDEN.

1. When on an application for a new trial an order was passed to hear the same in vacation, and the order expressed the date for the hearing as "—— day of————, 1900," and by consent it was understood that the date of the hearing should thereafter be definitely fixed; if the motion was not heard before the next term of the court in which it was made, it stood for a hearing at such term.    If no action was had in relation thereto at such term, it stood continued to the next term, regardless of the terms of the order originally passed.    While the original order contemplated that a brief of evidence should be presented and a hearing had in 1900, the failure to fix a definite day and hear, or adjourn the hearing, had the effect above indicated.
2. The affidavit in forma pauperis made by plaintiff in error in the present case, purporting to have been executed before the clerk of a county court in another State, is invalid, because it is not made to appear in a legal way that the person administering the affidavit was in fact an officer authorized to administer an oath.

Argued November 21,—Decided December 12, 1901.

Motion for new trial.    Before Judge Hart.    Morgan superior court.    April 19, 1901.

*George & George,* for plaintiff in error.
*Foster & Butler,* contra.

LITTLE, J.    The question presented for our consideration is whether or not the trial judge erred in dismissing a motion for a new trial.    We gather the following facts from the record: The case of Turnell & Bearden, plaintiffs in attachment, against Walter E. Shockley, defendant in attachment, and Hattie L. Shockley, claimant, was, at the March term, 1900, of Morgan superior court,

tried before a jury, and a verdict was rendered finding the property subject. During that term of the court the claimant made a motion for a new trial, the grounds of which were duly approved, and an order in the following language was passed: " The foregoing motion for new trial read and considered. Ordered that the plaintiff show cause before me on the ——— day of ————, 1900, in Madison, Ga., in the court-house, why the same should not be granted. Let the brief of evidence be presented for approval on or before the date aforesaid, or in default thereof the motion will be dismissed. Ordered further that claimant have, until the date aforesaid, leave to amend her said motion without prejudice. . . This March 8, 1900." It appears from a recital in the bill of exceptions that this order was made as the result of a suggestion of the judge, in reply to an order which was presented by counsel for movant, by the terms of which the hearing was sought to be set for March 26, 1900, in Jasper county. On this suggestion the date was stricken from the order presented and the place of hearing changed to Madison, under an agreement that the motion could be heard on the return of the judge from Jasper court, or at such other time as might be agreed on by counsel, it being understood that at the hearing the dates could be filled. The term of Jasper court referred to was never held. It appears that no hearing was had under this order; and at the March term, 1901, of Morgan superior court, the following order was taken: " It appearing that the motion for new trial in the above-stated case was set at such a time as might be agreed upon, and that the brief of evidence should be presented for approval on said hearing; and it further appearing that no time has been agreed upon for the hearing: It is ordered, all parties consenting, that the hearing be fixed for March 27, 1901, at Monticello, Ga., and that the brief of evidence be then presented for approval and filed after the hearing. In open court, this March 8, 1901." This order was duly signed by the presiding judge. On March 27, another order was taken at Monticello, reciting the fact that the motion was continued by consent until the third Monday in April, 1901, to be then heard at chambers at Clinton, Ga., and that the movant have until the hearing to present a brief of evidence for approval, and, if for any reason the parties or their counsel desired to change the date, that this might be done without further order of the court, provided the time and place should be

agreeable or convenient to the judge. Under this last order the motion came up for a hearing on the date last set, and respondents' counsel moved to dismiss it on the ground that the time for presenting the brief of evidence for approval had elapsed. The court sustained the motion to dismiss. The movant excepted to the judgment of dismissal and assigned the same as error. The trial judge, by a note, supplements the above with a statement of facts to the following effect: At the time of the presentation of the original order the judge, after some discussion by counsel, suggested that the day of the month set for the hearing be omitted, and that, in order to make it convenient for counsel, the motion would be heard as the judge returned (through Madison) from Jasper court, Madison being the home of all the counsel in the case. This arrangement was made for the convenience of counsel. Jasper court was not held in March, but was in September. No mention or action was ever taken with the court's knowledge, touching the motion, until the following spring term of Morgan superior court, twelve months after the case was first tried.

It will be noted that the original order, which was made by consent and for the accommodation of counsel, did not fix a hearing for any particular day in 1900, although it was understood that the hearing would take place when the judge should return through Madison from Jasper court. The time, therefore, was left indefinite. The contingency of the return of the judge from Jasper court in March, 1900, did not occur, because no court was held in Jasper county at the March term, 1900. The original order taken in the case provided that the brief of evidence should be presented for approval on or before the date of the hearing, and, as no date was fixed and no hearing had under that order, the motion was in order for a hearing at the next term of Morgan superior court. Section 5484 of the Civil Code, which prescribes that applications for new trial, except in extraordinary cases, must be made during the term at which trial was had, also declares that such applications may be heard and determined in vacation. Section 5485 prescribes that, when an order is taken for a hearing in vacation, the brief of evidence must be presented for approval within the time fixed in the order, or else the motion will be dismissed. The same section further declares that where, through no fault of the movant, the motion is not heard in vacation, it stands for a hearing

in term, as if no order had been taken. Inasmuch as the order did not fix a definite day, although it did designate the year 1900, and the contingency on which the date of the hearing was to be definitely agreed on did not happen, and nothing further was done in vacation in relation to the hearing, the motion (it not appearing from the record that the failure to hear in vacation was through the fault of the movant) went over to the succeeding term of Morgan superior court, because it had definitely been ordered, by consent, that a hearing might be had in vacation at a date to be fixed thereafter, which was never done. When that term came, the motion was in order for a hearing, just as any other case which was pending in that court, and just as if no order had ever been taken to hear it in vacation. At this term the case was not taken up, and the result of this was that it stood continued until the next or March term, 1901, of that court. Civil Code, § 5133. At that term a definite day in vacation was fixed for the hearing, by an order granted in open court, and it was expressly provided that the brief of evidence be then presented for approval. It further appears that on the date named in the last order the case was regularly continued by consent to another day in vacation, and that the movant was allowed until that hearing to present a brief of evidence for approval. It was on the date fixed by this last order that, when the case was called, the motion for a new trial was dismissed on the ground the time for presenting the brief of evidence for approval had elapsed. We think that the court erred in granting the motion to dismiss. It is true that the original order contemplated that the case should be heard sometime in vacation in 1900, but the day for that hearing was left indefinite. This not having been done, as we have before said, the case went over until the next term of Morgan court, just as if no order to hear in vacation had ever been taken. From that period the proceedings appear to have been regular. Whether or not movant's counsel did present a brief of evidence for approval on the 15th of April, 1901, the record does not clearly disclose; but the bill of exceptions recites that the court granted the motion to dismiss on that day, on the ground that the time for presenting the brief of evidence had elapsed. We do not think it had, but that under the various orders the movant should have had opportunity on that day to present his brief. Had he not done so, the judge might have properly dismissed the motion

for a failure to present such brief; but, in our opinion, the time in which he might have presented it had not expired, notwithstanding the original order contemplated that it should have been presented and the hearing had sometime in the year 1900.

2. A question arises in this case whether the affidavit in forma pauperis, filed by plaintiff in error for the purpose of bringing her writ of error to this court, was sufficient. This question arises, not from the contents of that affidavit, but from the manner of its execution. It purports to have been made in Navarro county, Texas, and is sworn to before a person who signs himself " O. R. Adkinson, Clerk County Court, Navarro Co., Texas." This purported affidavit is not accompanied by any authentication or proof that the person administering the oath was the clerk of the county court of Navarro county, Texas, or that he had authority under the laws of Texas to administer oaths. This court ruled, in the case of *Brunswick Hardware Company* v. *Bingham,* 107 *Ga.* 270, that a paper purporting to be an affidavit, attested by a person as notary public in another State, with nothing to authenticate his official character as such, should not be treated as an affidavit, etc. It is, however, suggested that, by the terms of an act approved December 20, 1899 (Acts 1899, p. 79), no such authentication is required. It is declared by the terms of that act that any affidavit made out of this State, before any notary public, justice of the peace, judge of a court of law, or chancellor, commissioner or master of any court of equity of the State or county where the oath is made, or before any other officer of such State or county who is authorized by the laws thereof to administer oaths, shall have the same force and effect, and be recognized in like manner, as if it had been made before an officer of this State authorized to administer the same. These are all of the provisions of that act, except a proviso which will presently be referred to. The affidavit in the present instance does not appear to have been made before any of the officers enumerated in the act of 1899, nor is it shown that it was made before any other officer authorized to administer oaths. We have no evidence that a clerk of the county court in Texas can administer oaths. We can not presume that he has this authority; and as such officer is not one of those named in the act, the affidavit taken before him can have no effect in this State, even under the act of 1899, regardless of the proviso, which is, "that this act shall not

apply to such affidavits as are by law required to be made within the State of Georgia, nor have the effect to impair or render invalid any of the existing provisions of law for making affidavits out of this State." If the act is not to affect any of the existing provisions of law as to the validity of affidavits made out of this State, it can not, of course, affect the question under consideration; for, as we have shown, such affidavits, under the laws of this State existing at the time of the passage of this act, must, in order to be rendered valid, be accompanied with proof that the officer has authority to administer oaths, as well as of the fact that he is such an officer. So, under no view of the case is this affidavit sufficient to relieve the plaintiff in error from the payment of cost.

*Judgment reversed. All the Justices concurring.*