*Jeff. A. Pope* and *P. C. Andrews,* contra.

---

### GINSBURG *v.* GINSBURG.

ATKINSON, J. 1. In a suit instituted by a wife for divorce and permanent alimony, on the ground of cruel treatment of the wife by the husband, the judge charged: " You will determine, gentlemen, from the evidence in this case, in that connection, whether or not the defendant in this case charged his wife with being untrue to him. If he did, gentlemen, and he made such accusation willfully, and with intention to wound her feeling, why then, gentlemen, in your opinion if it was calculated to affect her health and create mental pain, that would be an act of cruel treatment, as contemplated by law." The petition did not allege as one of the grounds of cruel treatment that the defendant had charged plaintiff with being untrue to him, and there was evidence that the husband made any such charge against his wife. In these circumstances the charge was not authorized by the pleadings and the evidence, and amounted to prejudicial error against the defendant.

2. As to other matters of cruel treatment the pleadings and evidence authorized an instruction on that subject; and the second ground of the amended motion for new trial, which alleges that the court " erred in submitting to the jury the issue as to whether defendant had been guilty of cruel treatment to the plaintiff, because there was no evidence to authorize the submission of this issue," was not meritorious.

3. Error was assigned on the following charge: " Take into consideration the entire situation as regards her means of support, her property, if any, or business that she may have; and the jury will be authorized, if they see fit to do so, in case the plaintiff has a separate estate of sufficient value and revenue to afford her a sufficient support, the jury will be authorized, if they see fit under all the facts and circumstances of the case, justified in refusing alimony altogether, although you may grant a total divorce." This charge was alleged to be erroneous for

several reasons, among them, that it was confusing and misleading, and limited the facts upon which alimony might be denied to the fact as to whether the wife had a separate estate of sufficient value and revenue to afford her a support. There was evidence tending to show defendant's inability to pay alimony, which was also a proper matter of consideration by the jury in determining what amount of alimony if any they would allow. In these circumstances the charge was not properly adjusted to the pleadings and evidence.

4. The rulings announced in the preceding notes deal with all the grounds of the amended motion for new trial. As the judgment will be reversed, it is unnecessary to deal with the sufficiency of the evidence to support the verdict.          *Judgment reversed. All the Justices concur.*

No. 3111. JANUARY 24, 1923.

Divorce and alimony.    Before Judge Roop.    Troup superior court.  February 3, 1922.

*Lovejoy & Mayer,* for plaintiff in error.

*Arthur Heyman* and *A. H. Thompson,* contra.