## WEATHERFORD *v.* WEATHERFORD.

No. 16424.   NOVEMBER 17, 1948.

554

*Len B. Guillebeau* and *Frank H. Morrison,* for plaintiff in error.

*C. W. Buchanan,* contra.

HEAD, Justice. It is not contended by counsel for the plaintiff in error that the verdict awarding a total divorce between the parties is without evidence to support it. Nor is it contended that the verdict and judgment awarding the wife the real estate, personal property, and $80 per month as alimony for the two minor children, is without evidence to support it. It is strongly insisted, however, that the award of $600, to be paid the wife in a lump sum, is without evidence to support it, and that the award of alimony is therefore excessive.

The contention that the award of permanent alimony by the jury is excessive and without evidence to support it presents a question where the judgment of this court must be based on the evidence in this case without resorting to former decisions, since the facts of no two cases are likely to be identical, and recorded precedents may be of but little value in passing upon the evidence, but see: *Johnson v. Johnson,* 131 *Ga.* 606 (62 S. E. 1044) ; *Brown v. Brown,* 152 *Ga.* 468 (110 S. E. 234) ; *Ginsburg v. Ginsburg,* 154 *Ga.* 831 (115 S. E. 646) ; *Wise v. Wise,* 156 *Ga.* 459 (119 S. E. 410) ; *Pafford v. Pafford,* 186 *Ga.* 102 (196 S. E. 804) ; *Wager v. Wager,* 198 *Ga.* 747 (32 S. E. 2d, 804).

The wife alleged in her petition that the husband was earning $170 per month. Her petition was duly verified. On direct examination she testified that "he makes around $230 a month." On cross-examination she testified that "he averaged about $170 per month." This self-contradictory testimony by the wife is the sole evidence in the record to dispute the husband's positive testimony that his "take-home pay" was $171.50.

The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when such testimony is vague, equivocal or self-contradictory. *Southern Railway Co. v. Hobbs,* 121 *Ga.* 428 (49 S. E. 294) ; *Steele v. Central of Ga. Ry. Co.,* 123 *Ga.* 237 (51 S. E. 438). Under all the evidence the jury could not properly have found that the husband's salary exceeded the sum of $171.50 per month.

After the motion for new trial was heard, the trial court postponed the date of payment of the $600 by order entered at the instance of counsel for the wife. No attack is made on the order postponing the date of payment, and the validity of this order is not in issue. Counsel for the wife, in asking that the date of the payment of the item of $600 be postponed, must have believed that the husband did not have funds or resources from which payment could be made at that time. There is no evidence in the record that the husband had any property or resources from which the sum of $600 could have been paid at the time the verdict of the jury was made the judgment of the court. The testimony of the wife to the effect that the husband had received some sum since the separation for the rental of the home jointly owned by them would not authorize the conclusion that the husband had $600 in cash, and such sum could not be anticipated from this source in the future, since the verdict of the jury awarded the property to the wife.

Upon what evidence can the conclusion be reached that the husband can pay the wife $600 in a lump sum in August, 1950? The wife testified as to items essential to the support of the children in an amount exceeding $80 per month. Her testimony authorized the award for the benefit of the children in such sum. On the other hand, the husband testified that his living expenses were $108 a month, although in itemizing this amount, the items mentioned by him total only $86. No item claimed by the husband as being a necessary living expense is unreasonable, and his itemized expenses include no amount for loss of time from sickness, or for medical expenses, or like items. Assuming that the husband can live on $86 per month, and that he pays the award of $80 per month for the children, there would be left $5.50 per month to be saved by the husband to pay $600 at the end of two years. It does not appear that the husband is employed on a job requiring any particular training or skill, and the jury was not authorized to find from the evidence that the husband's earnings might likely be increased.

In this case a judgment for alimony was rendered which, from all the evidence, the husband can not presently pay, and all reasonable inferences authorized by the evidence show that future payment can not be made from his anticipated income.

Such judgment can add nothing to the wife's maintenance and welfare. It can not ordinarily be exchanged for the necessities of life.

The jury made separate awards for the benefit of the wife and children. The evidence in this case did not authorize the award of $600 to be paid the wife in a lump sum. The judgment awarding the wife $600 (in addition to other alimony awarded her), being without evidence to support it, is contrary to law. The judgment for alimony for the children is supported by evidence and is not excessive, since under the evidence it may be paid from the father's earnings. We shall not discard the good with the bad. This court has the power to give direction to the court below. See the Code, §§ 6-1610, 24-3901 (2); *Boram* v. *Thweatt*, 45 *Ga.* 94; *Central Railroad & Banking Co.* v. *Kent*, 91 *Ga.* 687 (18 S. E. 850); *Johnson* v. *Johnson*, supra. It is therefore ordered that, if the defendant in error, before the remittitur from this court is made the judgment of the court below, will write off the $600 award to be paid in a lump sum, the judgment denying the motion for new trial is affirmed; otherwise, the judgment is reversed.

*Affirmed on condition. All the Justices concur.*