## 20402. HUNNICUTT v. HUNNICUTT.

DUCKWORTH, Chief Justice. This is a divorce and alimony case, in which there is a cross-action. Both parties sought a divorce and custody of the minor children. No temporary alimony or temporary custody of the children was granted after an interlocutory hearing, but the trial judge stated that he was deferring his ruling until later. The case proceeded to trial, and after a verdict granting both parties a divorce, and, after a custody hearing, the court in the final judgment, granting the divorces and awarding permanent alimony for the support of the children, awarded attorney's fees and custody to the mother. The exceptions are to the award of

custody of the children to the mother and to the award of attorney's fees, both on the ground that the lower court abused its discretion in so doing. The plaintiff in error also excepts to a refusal of the court to allow certain character witnesses to testify during the main trial of the case. *Held:*

1. There being no exception to the final judgment granting both parties a divorce, this court can not consider the antecedent ruling on evidence.

2. There was no order continuing until after final trial the matter of allowing temporary alimony, which includes attorney's fees. The verdict finding in favor of a divorce and awarding $30 monthly to the two children until they attained the age of 21 years was an award of permanent alimony, and was returned on December 15, 1958. The trial judge was therefore without jurisdiction on December 19, 1958, after the verdict of divorce on December 15, 1958, to award temporary alimony, and his attempt to do so by allowing $150 attorney's fees is utterly void. *Burns* v. *Lewis,* 86 *Ga.* 591 (13 S. E. 123); *Mitchell* v. *Mitchell,* 97 *Ga.* 795 (25 S. E. 385); *Wise* v. *Wise,* 157 *Ga.* 814 (122 S. E. 210). Compare *Morris* v. *West,* 183 *Ga.* 214 (1) (187 S. E. 861); *Moss* v. *Moss,* 196 *Ga.* 340 (3) (26 S. E. 2d 628); *Powell* v. *Powell,* 200 *Ga.* 379 (3) (37 S. E. 2d 191); *Harrison* v. *Harrison,* 208 *Ga.* 70 (65 S. E. 2d 173); and *Crute* v. *Crute,* 208 *Ga.* 724 (69 S. E. 2d 255). The award of custody of the children to the mother in that judgment, which also decreed a divorce for both parties in conformity with the verdict, was valid and had evidence to support it. Code (Ann.) § 30-127 (Ga. L. 1957, p. 412).

*Judgment reversed in so far as an award of attorney's fees is concerned. All the Justices concur.*

ARGUED MARCH 9, 1959—DECIDED APRIL 9, 1959.

*W. A. Wraggs,* for plaintiff in error.
*Daniel H. White,* contra.