20647, 20663. WANAMAKER *v.* WANAMAKER; and
*vice versa.*

HAWKINS, Justice. Nellie Wanamaker brought her petition on June 4, 1957, in Chatham Superior Court, to set aside a judgment of the Court of Ordinary of Chatham County, rendered December 6, 1943, granting to the defendant, Juanita Wanamaker, as the widow of Lucious Wanamaker, a year's support, consisting of certain described real and personal property. The petition alleges that the plaintiff, on June 30, 1920, was married to Lucious Wanamaker, with whom she lived four or five years, when he separated from her; that she thereafter moved to the State of Florida, where she had since resided, and that this marriage had never been dissolved; that she was the owner of the personal property and of an undivided one-half interest in the realty referred to in the year's support by inheritance from her husband, who was the owner thereof at the time of his death on September 30, 1943, leaving the plaintiff as his sole heir at law; that, without plaintiff's knowledge or consent, the defendant, Juanita Wanamaker, made application to the Ordinary of Chatham County, Georgia, for a year's support in December, 1943, claiming on oath "that she was the widow and sole heir of Lucious Wanamaker, when she knew at the time that she was not the widow and sole heir of Lucious Wanamaker"; that, in making said application, the defendant was guilty of actual fraud, both on the court of ordinary and on the plaintiff, "for she knew at the time that the plaintiff was legally married to Lucious Wanamaker"; that the year's support set aside by the appraisers and made the judgment of the court of ordinary is therefore illegal and void; and she prayed that the judgment of the court of ordinary setting aside the year's support be canceled and set aside by decree of the court.

The defendant's answer admitted that Lucious Wanamaker died intestate on September 30, 1943; alleged that she entered into

a ceremonial marriage with him on January 11, 1937; admits the setting aside of the year's support; but denied all other material allegations of the petition.

The trial resulted in a verdict for the defendant, and to the judgment denying her motion for a new trial as amended, the plaintiff excepts. The defendant, by cross-bill, excepts to the denial of a motion to dismiss the motion for a new trial. *Held*:

1. We first dispose of the assignment of error contained in the cross-bill of exceptions. The original motion for a new trial was set to be heard on January 21, 1959, and contained the provision "that the movant have until the hearing whenever it may be, to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter his approval thereon at any time, either in term or vacation, and if the hearing of the motion shall be in vacation, and the brief of evidence has not been filed in the clerk's office before the date of the hearing, said brief of evidence may be filed in the clerk's office at any time within ten (10) days after the motion is heard and determined." The hearing of the motion was continued from time to time by orders duly entered on the respective dates previously fixed by former orders, the first of said orders, passed on January 21, 1959, providing "it appearing that the court reporter has been unable to complete the transcript of the record and furnish a brief of the evidence, the same is hereby continued from this date until the 4th day of March, 1959, with all rights of the plaintiff preserved at the hearing to present a brief of evidence." When the motion came on for hearing under the final order for continuance on May 11, 1959, counsel for the defendant moved to dismiss it because no brief of evidence was presented on March 4, 1959, it being contended that under the order of January 21, 1959, movant was required to present the brief of evidence on March 4, 1959, and having failed to do so, the motion should be dismissed. With this contention we do not agree. The order of January 21, 1959, continuing the hearing to March 4, 1959, preserved the rights of the movant to present a brief of evidence "at the hearing" —not that particular hearing—and the original order provided "whenever it may be." This question is controlled adversely to the contentions of the defendant by the ruling in *Azar* v. *Thuma*, 207 *Ga*. 444 (62 S. E. 2d 166).

2. The record in this case discloses that the property here involved was set aside by judgment of the Court of Ordinary of Chatham County to the defendant as a year's support by proceedings regular on their face on December 6, 1943; that the defendant, claiming title thereto, went into possession thereof, which possession has been continuing, adverse, open, notorious, and peaceable for more than thirteen years up to the filing of the present petition on June 4, 1957. While the petition alleges that the defendant had actual knowledge at the time she married Lucious Wanamaker, in January, 1937, and at the time she applied for and had the year's support set aside, that Lucious Wanamaker had a living wife, she testified positively and unequivocally that she had no such knowledge, and this testimony was undisputed. "The judgment of a court of ordinary purporting to vest title to the land of a decedent in his widow for a year's support is generally color of title on which prescription can be based." *Johnson* v. *Key*, 173 *Ga.* 586, 590 (160 S. E. 794). See also *Norris* v. *Dunn*, 70 *Ga.* 796; *Toney* v. *Ledford*, 184 *Ga.* 856 (193 S. E. 761); Code § 85-407. While the evidence discloses that the record of the plaintiff's marriage to Lucious Wanamaker in 1920 was of record in the office of the Ordinary of Chatham County at the time of the defendant's marriage, there was no evidence that the defendant ever had actual knowledge of this record, or of such previous marriage, and Code § 85-414 provides that "fraud which will prevent possession of property from being the foundation of prescription must be actual or positive fraud, not constructive or legal fraud." In *Street* v. *Collier*, 118 *Ga.* 470 (5) (45 S. E. 294), it is said: "Only moral fraud will prevent possession under color of title from ripening into a prescriptive title." See also *Tatum* v. *Wilson*, 179 *Ga.* 688 (2) (177 S. E. 338), and cases there cited. The evidence demanded the verdict for the defendant, and any erroneous charge of the court or ruling on evidence, if there was such, would not require the grant of a new trial.

*Judgment affirmed on the main bill and cross-bill of exceptions. All the Justices concur.*

ARGUED SEPTEMBER 16, 1959—DECIDED OCTOBER 9, 1959—
REHEARING DENIED NOVEMBER 4, 1959.

476

*Lewis L. Scott,* for plaintiff in error.
*Alton D. Kitchings,* contra.