20664, 20665. WILLS *v.* WILLS; and *vice versa.*

DUCKWORTH, Chief Justice. This is a divorce and alimony case. After a verdict and judgment for the plaintiff, awarding her custody of the minor children and alimony for the support of herself and the children, a motion for new trial was filed, which was subsequently amended, adding 13 special grounds, and after a hearing, was denied. The exceptions are to this judgment and to the judgment awarding custody of the children, the retention of jurisdiction for the purpose of awarding attorney's fees, and the award of attorney's fees after the verdict and judgment. A cross-bill of exceptions is also here with an exception to the refusal to dismiss the motion for new trial because the court, having fixed a definite date for the hearing on the motion during the next term, the order failed to make provision for continuing the hearing beyond the date set; and there being no approved brief of evidence filed by that hearing date, no approved brief of evidence could thereafter be considered, since the term order failed to extend the time, beyond the hearing date, in which it might be filed. *Held:*

1. While the judgment on the motion for new trial as amended

will not be reversed, yet the judgment will be affirmed with direction by which the defendant in error in the main case will lose an award made to her in the verdict and judgment; hence a ruling will be necessary on the cross-bill of exceptions excepting to the refusal to dismiss the motion for new trial. The rule nisi set a hearing on the motion during another term and stated that "the movant shall have *until the hearing is held,* the right to file brief of evidence and amended motion for new trial." While it has been repeatedly held that, where no order is taken in term to extend the time in which a brief of evidence might be filed, such order at a later term or vacation extending the time comes too late, an order reciting that the movant has *until the hearing is held* to file a brief of evidence meets the requirements as set out in *Azar* v. *Thuma,* 207 *Ga.* 444 (62 S. E. 2d 166) ; and *Wanamaker* v. *Wanamaker,* 215 *Ga.* 473 (111 S. E. 2d 94), wherein it was held that the movant should have until the hearing, *"whenever it might be,"* to prepare and present the brief of evidence. This case differs from *West* v. *Smith,* 90 *Ga.* 284 (15 S. E. 912), *Western & Atlantic R. Co.* v. *Callaway,* 111 *Ga.* 889 (36 S. E. 967), *Reed* v. *Warnock,* 146 *Ga.* 483 (91 S. E. 545), and *Garraux* v. *Ross,* 150 *Ga.* 645 (104 S. E. 907), wherein nothing was said in the term orders about the filing of the brief of evidence, and *Beavers* v. *LeSueur,* 191 *Ga.* 363 (12 S. E. 2d 583), wherein the date set for the filing of the brief of evidence was definite. No brief of evidence was prepared and presented in *Baker* v. *Johnson & Harris,* 99 *Ga.* 374 (27 S. E. 706), and none of the above cases relied on by counsel for the movant has any application. It follows that the court did not err in denying the motion to dismiss the motion for new trial.

2. The first special ground contends that the court should have charged the written request to charge on Code (Ann.) § 30-220 (Ga. L. 1955, pp. 630, 631), that permanent alimony is permanent only in the sense that the amount fixed may be revised by a petition at a later date showing changed financial circumstances. Such a charge was not material and relevant to the issues involved, hence there is no merit in this ground.

3. The second special ground contends that the court should have charged the written request, that the jury has no right to speculate on the future earnings of the defendant unless

there was evidence from which the jury could reasonably conclude that the defendant's earnings are below his earning capacity because of acts on the part of the defendant to depress earnings. This request is not a correct statement of the law; and the court did not err in failing to give this charge. While the determination of the amount of alimony is controlled by no fixed standards, but rests upon the facts of the individual case, a husband's future earning capacity and future prospects are proper considerations as well as his lack of earning capacity. 17 Am. Jur. 740, 746, §§ 684-693, Divorce & Separation, Par. 5, Amount of Alimony; *Johnson* v. *Johnson,* 131 *Ga.* 606 (2) (62 S. E. 1044); *Hall* v. *Hall,* 185 *Ga.* 502 (195 S. E. 731); *Weatherford* v. *Weatherford,* 204 *Ga.* 553 (50 S. E. 2d 323); *Jeffrey* v. *Jeffrey,* 206 *Ga.* 41 (1) (55 S. E. 2d 566).

4. Nor is the charge that, in determining the husband's ability to pay, the jury may consider his present income and any previous allotment voluntarily made for support of the wife, irrelevant and immaterial, since the court may always give consideration to securing for the wife the same social standing, comforts, and luxuries of life as she probably would have enjoyed had there been no separation. Code § 30-201; 17 Am. Jur. 747, § 692, Divorce & Separation. The necessities of the wife and the husband's ability to pay are the controlling factors in making an allowance for alimony. *Robertson* v. *Robertson,* 207 *Ga.* 686 (1) (63 S.E. 2d 876), and cases cited therein. See also *Sulter* v. *Mustin,* 50 *Ga.* 242.

5. The 4th, 5th, 6th, 7th, and 8th special grounds are all based on objections to the allowance of certain testimony of the plaintiff's doctor, a psychiatrist. These grounds either fail to set out proper grounds of objection, or the grounds are otherwise inadequate and incomplete, or have no merit. The testimony of the psychiatrist was not hearsay, but was expert opinion testimony, and it could only be objected to by the patient herself as violating Code (Ann.) § 38-418 (5) (Ga. L. 1959, p. 190). *O'Brien* v. *Spalding,* 102 *Ga.* 490, 493 (31 S. E. 100, 66 Am. St. Rep. 202); *Yarbrough* v. *Yarbrough,* 202 *Ga.* 391, 403 (43 S. E. 2d 329).

6. The 9th special ground complains of the allowance in evidence of a photostatic copy of the 1956 income tax return of the defendant, in that there was no evidence to show these were photostatic copies of the original, and no question had been

raised as to the defendant's income. The tax return was a joint return of the plaintiff and the defendant, and she testified that it was a correct copy of the return. The evidence was certainly relevant and material to the question of the amount of alimony to be awarded, if any. *Weatherford* v. *Weatherford*, 204 *Ga.* 553, supra; *Jeffrey* v. *Jeffrey*, 206 *Ga.* 41, supra; *Robertson* v. *Robertson*, 207 *Ga.* 686, supra. This ground is without merit.

7. The verdict of the jury that the defendant should pay $2,000 to cover inadequate payments prior to the trial was unwarranted, since it is an attempt by the jury to award temporary alimony, which the jury has no authority to do. Code § 30-205; *Gibson* v. *Patterson*, 75 *Ga.* 549 (2); *Moore* v. *Moore*, 207 *Ga.* 335 (1) (61 S. E. 2d 500). However, since this part of the verdict is strictly surplusage, the lower court is directed to strike this award, as such, from the verdict and judgment, and a new trial will not be required.

8. The 11th and 12th special grounds contend that the award of $400 per month for support of the children, and an additional $150 per month for the wife to commence in nine months from the trial, was excessive. The evidence showed that the defendant had been making approximately $24,000 per year, had recently sold the family dwelling, for which he received approximately $10,000 for the equity, and, during a period in which he was attending Mount Sinai Hospital as a Fellow studying neurology, drew more than $12,000 from his partnership. While there was evidence that since his return to practice—the partnership having been dissolved—he is in debt $7,000 for medical equipment, and his income has considerably declined—receiving a net profit of only $753.26 out of a gross of $8,647.51 over a five-month period, this court can not say as a matter of law that the verdict was excessive. These grounds are not meritorious. See *Pafford* v. *Pafford*, 186 *Ga.* 100 (3) (196 S. E. 804); *Braswell* v. *Braswell*, 198 *Ga.* 753 (32 S. E. 2d 773); *Jeffrey* v. *Jeffrey*, 206 *Ga.* 41 (1), supra; *Boozer* v. *Boozer*, 207 *Ga.* 52 (60 S. E. 2d 150); *Robertson* v. *Robertson*, 207 *Ga.* 686, supra.

9. The 13th special ground, complaining of the award of attorney's fees, is without merit since this is not a proper ground of a motion for new trial, as the court alone awards temporary alimony. However, exceptions are also taken to the order entered before the verdict retaining jurisdiction until after the

verdict to fix attorney's fees and the award of attorney's fees in the final decree. The plaintiff prayed for temporary alimony and attorney's fees which are a part of temporary alimony; and while the record does not disclose an award of temporary alimony for support or any settlement of temporary alimony, the court may retain jurisdiction for reserving judgment on attorney's fees until after verdict. There is no merit in these assignments of error. See *Luke* v. *Luke*, 159 *Ga.* 551 (126 S. E. 374) ; *Sweat* v. *Sweat*, 123 *Ga.* 801, 803 (51 S. E. 716) ; *Powell* v. *Powell*, 200 *Ga.* 379, 380 (37 S. E. 2d 191). Compare *Finch* v. *Finch*, 213 *Ga.* 199 (97 S. E. 2d 576), and *Hunnicutt* v. *Hunnicutt*, 214 *Ga.* 834 (108 S. E. 2d 279).

10. Since counsel for the plaintiff in error did not, either in the brief or in oral argument, argue the general grounds of the motion for new trial or the exception to the award of custody, these assignments of error are treated as abandoned. Hence, the court did not err in refusing to grant the motion for new trial as amended, but for the reason stated in headnote 6 above the judgment on the main bill is affirmed with direction.

*Judgment affirmed on the cross-bill and affirmed with direction on the main bill of exceptions. All the Justices concur.*

ARGUED OCTOBER 13, 1959—DECIDED NOVEMBER 4, 1959—
REHEARING DENIED NOVEMBER 19, 1959.

*Aaron Kravitch,* for plaintiff in error.
*John C. Wylly,* contra.