21813. DAVENPORT v. DAVENPORT.

SUBMITTED OCTOBER 8, 1962—DECIDED NOVEMBER 8, 1962—REHEARING DENIED NOVEMBER 19, 1962.

*Oze R. Horton,* for plaintiff in error.

*Cecil D. Franklin,* contra.

QUILLIAN, Justice. Where a case is not heard during the trial term it is automatically continued to the succeeding term. As stated by *Code* § 81-1414: "A cause not reached at the trial term stands over as continued." Thus, under prior rulings of this court the plaintiff would, under the terms of the order to show cause, have until the final hearing although it might be in a subsequent term to submit his brief of evidence. The defendant could not prevail with an assertion that at the end of the February term, 1961, or at any time prior to such final hearing the plaintiff must submit her brief of the evidence. *Wanamaker v. Wanamaker,* 215 Ga. 473, 474 (111 SE2d 94); *Wills v. Wills,* 215 Ga. 556, 557 (111 SE2d 355). However, as is pointedly brought out in *Shockley v. Turnell & Bearden,* 114

Ga. 378, 381 (40 SE 279), once the day of the hearing arrives (in this case on February 1, 1962) and she neglects to present the brief of evidence the judge may properly dismiss the motion for failure to present such brief. Hence, the time would not elapse prior to a final hearing, but if the brief of evidence were not presented on the hearing it would then be too late to file it at a subsequent time.

The plaintiff further alleged that the fact that the March 29, 1961, order did not designate a specific date left such matter open and there was a "tentative" agreement by counsel to let the matter go until they agreed on a date. The plaintiff overlooks the rule of law that agreements by counsel in order to be binding upon their clients must be in writing. *Code Ann.* § 9-605 (Ga. L. 1957, p. 495). This is true except where such agreements are made in open court (*Perkerson v. Reams,* 84 Ga. 298, 10 SE 624), or where one party is misled by fraudulent misrepresentations of the other. *Bigham v. Kistler,* 114 Ga. 453, 456 (40 SE 303), and *McGinnis v. Scheer,* 182 Ga. 684 (1) (186 SE 804). No such allegations are here made.

. Further, there is no showing that the order to show cause contemplated or that the judge approved such "tentative" agreement. Attached as exhibits to the motion to re-instate were orders convening the Superior Court of Polk County which specified the times during the term at which hearings of motions, demurrers and other matters would be held. The judge's consent to an agreement to continue was necessary and where it was not present his discretion was paramount. *Code* § 81-1419; *Ford v. Holmes,* 61 Ga. 419 (6). Moreover, Webster defines "tentative" as provisional, conditional or uncertain. It is apparent that such agreement has no legal efficacy whatsoever.

The plaintiff having failed to present a brief of evidence on the hearing of the motion for new trial and there being no merit to his allegations as to an agreement to postpone the hearing, the trial judge properly refused to set aside the order of February 1, 1962, dismissing the plaintiff's motion for new trial.

*Judgment affirmed. All the Justices concur.*