## 69851. WHITTON v. THE STATE.
(331 SE2d 10)

BIRDSONG, Presiding Judge.

The defendant, Bobby Whitton, appeals his conviction of two counts of arson. Trial was held October 2-3, 1972, and on October 5,

defendant was sentenced to serve one year on each count. A pre-printed, standard form motion for new trial was filed on October 5, alleging the general grounds. Included within the standard form was a rule nisi which was signed by the trial judge on October 5, 1972, but the date of the hearing was left blank. The order cited that: "Defendant having obtained a rule nisi in a motion for new trial," he was granted an appeal bond in the amount of $10,000.

The certificate of the court reporter shows the record was completed on January 6, 1974. No further action is indicated until September 10, 1984, when the state filed a motion to dismiss defendant's motion for new trial. A hearing was held on the state's motion on October 9, 1984, and the court's order indicates that the motion for new trial was *denied* on the basis that defendant "has not prosecuted this appeal." Thereafter the court granted "the relief sought by the state," which was *dismissal*. Although this terminology is conflicting, the hearing itself shows the holding of the court to be: "I'm going to dismiss your motion for new trial." Defendant brings this appeal, filed the date of the hearing and order dismissing his motion for new trial. *Held*:

Defendant enumerates as error the ruling of the trial court "to dismiss or deny the defendant's motion for new trial." The transcript of the hearing established that the defendant's motion for new trial was dismissed for a failure of the defendant to prosecute his appeal. Our Supreme Court has held that "[a] person convicted of a crime in a trial court in this state is not entitled to have his conviction reviewed as a matter of right. . . . He must pursue applicable statutory requirements. A convicted party can, by his own conduct or by his conduct in concert with that of his attorney, forfeit his appeal. If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court." *State v. Denson*, 236 Ga. 239, 240 (223 SE2d 640). The record before us shows no purposeful delay by, or accrual of any advantage to, the defendant. The conviction is extant and the sentence still must be served if the conviction is affirmed on appeal. We have found no violation of any applicable statutory requirement and we will not presume error. It must be shown by the record.

Both the state and the appellant have an obligation to file the transcript in a felony case. *State v. Hart*, 246 Ga. 212, 213 (271 SE2d 133). But, the state has no time limit on when it may file. Id. Also, the time for the appellant to file a transcript does not arise until after the filing of the notice of appeal. Code Ann. § 6-806 (now OCGA § 5-6-42). And, the notice of appeal is not required to be filed until after disposition of the motion for new trial. Code Ann. § 6-803 (a) (now

OCGA § 5-6-38 (a)); see also *Hughes v. Newell*, 152 Ga. App. 618 (1) (263 SE2d 505). Accordingly, defendant had no obligation to file the transcript until his motion for new trial was disposed of.

Our code provides that a motion for new trial may be heard "at any time" (OCGA § 5-5-40 (e)), and "may be amended any time on or before the ruling thereon." OCGA § 5-5-40 (b). Where the date for the hearing is left blank, the time of the hearing is "indefinite" (*Shockley v. Turnell & Bearden*, 114 Ga. 378, 380-381 (40 SE 279)), and the hearing may be heard at any succeeding term. Id. Hence, regardless of fault, the motion for new trial, as amended before a ruling was obtained, was properly before the court for hearing, and the trial court erred in dismissing the motion without ruling on the grounds enumerated therein. Its failure to do so is error, and we will return the record for a hearing on the grounds stated in the amended motion.

*Case remanded with direction. Carley and Sognier, JJ., concur.*

Decided April 4, 1985 —
Rehearing denied April 25, 1985 — ▮▮▮▮▮▮

*Thomas B. Murphy, Stephen E. Garner*, for appellant.
*Frank C. Winn, District Attorney*, for appellee.
*Joseph L. Chambers, Elliott A. Shoenthal*, amici curiae.