**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: October 25, 2022

S22A1214. MOTEN v. THE STATE.

COLVIN, Justice.

Victor Keyshawn Moten was convicted of malice murder and related offenses in connection with the shooting death of Juan Diaz Mendez.[1] On appeal, Moten contends that the trial court erred by

---

[1] Mendez was shot on December 17, 2015 and died from the gunshot wound three days later. On April 4, 2016, an Atkinson County grand jury indicted Moten, along with Khalil Darnell Daniels, Rashad Marquis Flowers, and Marshawn Rashad Jones, for malice murder (Count 1), felony murder predicated on armed robbery (Count 2), criminal attempt to commit armed robbery (Count 3), three counts of possession of a firearm during the commission of a felony (Counts 4, 7, and 9), two counts of aggravated assault (Counts 5 and 6), and one count of aggravated battery (Count 8). A joint jury trial was held from November 30 to December 2, 2016. Moten was found guilty of all counts. He was sentenced to serve life in prison for malice murder (Count 1), 20 years in prison concurrent for criminal attempt to commit armed robbery (Count 3), and five years in prison consecutive for possession of a firearm during the commission of a felony (Count 4). Counts 5 through 9 merged for sentencing. The trial court purported to merge Count 2, but that count was actually vacated by operation of law. See *Malcom v. State*, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993). On December 19, 2016, Moten's trial counsel timely filed a motion for new trial. On May 22, 2022, the trial court denied Moten's motion for new trial. Moten filed a timely notice of appeal. The case

refusing to allow him to amend his motion for new trial to add a timely claim of ineffective assistance of trial counsel. We agree. Accordingly, we vacate the trial court's order denying Moten's motion for new trial and remand this case to the trial court for proceedings consistent with this opinion.

On December 19, 2016, Moten's trial counsel timely filed a boilerplate motion for new trial, contending that the verdict was "contrary to the principle of fairness and equity," "against the principles of law and due process of justice," and "against the evidence presented at trial." Moten was then appointed appellate counsel. On December 9, 2021, the trial court issued a scheduling order, setting a hearing date for the motion for new trial and requiring all amended motions be filed before February 24, 2022. The trial court subsequently issued an amended order modifying the deadline for filing amended motions to March 30, 2022. Moten did not file an amended motion for new trial prior to that date.

---

was docketed to the August 2022 term of this Court and submitted for a decision on the briefs.

On May 2, 2022, at the beginning of the hearing on Moten's motion for new trial, counsel presented to the trial court and the State an amended motion for new trial that raised, for the first time, a claim of ineffective assistance of trial counsel. When questioned by the trial court on whether the amended motion had been timely filed in accordance with the scheduling order, counsel responded "I thought this was sent in from our legal assistant . . . I haven't had access to my public defender email, which is why I did not send it in . . . and I apologize for that." The trial court informed counsel that, because she did not meet the deadline set out in the scheduling order, she would "need to contain [her]self to the motion that's been filed of record." As a result, Moten was unable to argue or fully present his claim of ineffective assistance of counsel. The trial court subsequently entered an order denying Moten's original motion for new trial. Moten argues that the trial court's refusal to allow him to amend his motion for new trial is counter to existing law and deprived him of a meaningful appeal. We agree.

Pursuant to OCGA § 5-5-40 (b), a defendant may amend a

timely filed motion for new trial "any time on or before the ruling thereon." Further, OCGA § 5-5-40 (d) provides that "[t]he grounds of the motion need not be approved by the court." Thus, as both this Court and the Court of Appeals have explained, the plain language of OCGA § 5-5-40 allows a defendant to amend a timely filed motion for new trial at any point prior to the court's ruling, even if the defendant wishes to amend his motion at or after the motion hearing. See *Hegedus v. Hegedus*, 255 Ga. 44, 45 (1) (335 SE2d 284) (1985) (construing OCGA § 5-5-40 (b) to permit amendments to a motion for new trial "until the trial court's final disposition"). See also *Whipkey v. State*, 353 Ga. App. 592, 593 (838 SE2d 907) (2020) ("The trial court erred by issuing a scheduling order which was in direct conflict with [the defendant's] statutory right to amend his motion for new trial at any time prior to the trial court's ruling on the motion."); *Allen v. State*, 353 Ga. App. 442, 442 (838 SE2d 106) (2020) (holding that the defendant "was entitled to amend his motion for new trial . . . until the trial court filed its final order"); *Whitton v. State*, 174 Ga. App. 634, 636 (331 SE2d 10) (1985) ("[T]he

4

motion for new trial, as amended before a ruling was obtained, was properly before the court for hearing, and the trial court erred in dismissing the motion without ruling on the grounds enumerated therein.").

Here, Moten timely filed a motion for new trial and attempted to amend it prior to the start of the hearing on the same. Because OCGA § 5-5-40 (b) permits movants to amend a motion for new trial at any time before the trial court's final ruling, the trial court erred in refusing to consider the ineffectiveness claim Moten sought to add to his motion for new trial. Accordingly, we vacate the trial court's order denying the motion for new trial and remand the case so that Moten may amend his motion for new trial.

*Judgment vacated, and case remanded with direction. All the Justices concur.*